629 A.2d 270

**Lori HAWKS, a minor by Sally L. HAWKS, her parent and natural guardian, and Sally L. Hawks, individually, Appellants,**

**v.**

**Roland M. LIVERMORE and Evans City Borough.**

Commonwealth Court of Pennsylvania.

Argued June 17, 1993.

Decided July 21, 1993.

William D. Kemper, for appellants.

Timothy J. Burdette, for appellees.

Before PELLEGRINI and KELLEY, JJ., NARICK, Senior Judge.

PELLEGRINI, Judge.

Lori Hawks (Hawks) appeals from the order of the Court of Common Pleas of Butler County (trial court) sustaining the preliminary objections in the nature of a demurrer of the

Borough of Evans City (Borough) and Roland Livermore, a police officer for the Borough. We affirm.

On Saturday June 29, 1991, at 2:30 a.m., Hawks, at age 16, was driving her mother's car within the Borough. Officer Livermore began to follow Hawks' vehicle and eventually put on his lights to stop Hawks. Hawks attempted to escape apprehension, initiating a high speed chase with Officer Livermore. However, Hawks failed to negotiate a curve in the road and her car struck a telephone pole and rolled onto its roof. Hawks sustained severe physical injuries.

Hawks filed a complaint against the Borough and Officer Livermore alleging that their negligence was the proximate cause of the accident and her injuries. Hawks alleged that Officer Livermore was negligent in pursuing Hawks without probable cause, and if he had probable cause, for failing to effect an arrest within his jurisdiction or some other lighted place instead of following her for several miles from the middle of the Borough to a deserted country road.[1] Hawks also alleges that Officer Livermore was negligent in continuing the pursuit when he should have known that she could not negotiate the curve she was approaching.

Both the Borough and Officer Livermore filed preliminary objections in the nature of a demurrer to the complaint asserting immunity under Sections 8541 and 8545 of the Judicial Code, 42 Pa.C.S. §§ 8541 and 8545.[2] The trial court

1. Hawks' complaint avers that Officer Livermore passed in front of Hawks' vehicle on the main street of the Borough; when Hawks turned in the opposite direction, he turned around and followed her, stopping in a position so that Hawks would be forced to pass him as she exited a dead end road; after Hawks passed his vehicle, he followed her approximately two miles; and when Hawks turned onto another road, he followed her, turning on his lights in order to stop her. (R.R. 2a–4a, paragraphs 5–11). Hawks' complaint admits that she was not a licensed driver and did not have permission to drive her mother's car.

2. Section 8541 of the Judicial Code provides:
   Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.
   Section 8545 of the Judicial Code provides:

granted the preliminary objections based on governmental immunity, citing *Dickens v. Horner*, 531 Pa. 127, 611 A.2d 693 (1992), and dismissed the complaint. Hawks then filed this appeal.[3]

Recently, in *Dickens*, the Supreme Court reversed this court's decision in *Dickens v. Upper Chichester Township*, 123 Pa. Commonwealth Ct. 226, 553 A.2d 510 (1989). In that case, Dickens was injured when she was struck by a vehicle driven by Horner who was fleeing at a high rate of speed from officers of the township. The township and the officer involved filed preliminary objections averring that Dickens' allegations of negligence did not fall within the vehicle liability exception to governmental immunity. The trial court denied the preliminary objections and the township appealed to this court. Affirming the trial court, we held that Dickens' pleadings alleged facts that tend to show that the officer's operation of his vehicle put others at risk, including her, within the vehicle exception,[4] and that his actions were a substantial contributing factor in causing her injuries.

In reversing this court, the Supreme Court in *Dickens* held that liability for injuries to a third party cannot be imposed upon a pursuing police officer because of the superseding criminal acts of the fleeing suspect who struck the third party. *Dickens*, 531 Pa. at 132, 611 A.2d at 695. The Court stated:

> An employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties, only to the same extent as his employing local agency and subject to the limitations imposed by this subchapter.

3. Our scope of review of a challenge to the sustaining of preliminary objections in the nature of a demurrer is whether on the facts averred, the law states with certainty that no recovery is possible. *Powell v. Drumheller*, 153 Pa.Commonwealth Ct. 571, 621 A.2d 1197, 1199 n. 5 (1993). The court must accept as true all well-pleaded allegations and material facts averred in the complaint, as well as reasonable inferences therefrom and any doubt should be resolved in favor of overruling the demurrer. *Powell*.

4. Section 8542(b)(1) of the Judicial Code, 42 Pa.C.S. § 8542(b)(1), provides that liability may be imposed for the operation of any motor vehicle in the possession or control of the local agency where the injury was caused by the agency or its employee.

We cannot impose liability for the crimes of Horner on the Township or Officer Bush any more than we could the City or the Youth Study Center in *Mascaro*,[5] because the legislative scheme of immunity consistently excludes all criminal acts from liability, including the acts of one of such as Horner, who choses [sic] to defy a lawful order to stop his car and commits a series of crimes which terminate in inflicting serious injuries to an innocent bystander like Appellee. Also see, *Chevalier v. City of Philadelphia*, 516 Pa. 316, 532 A.2d 411 (1987). Nor should we overlook the fact that the control of preventing the accident was solely within the hands of Horner who only had to obey the law and stop when requested by the police.

*Dickens*, 531 Pa. at 132, 611 A.2d at 695. (Footnotes in original omitted and footnote added).

In this case, Hawks' actions in fleeing Officer Livermore are not superseding acts which caused harm to a third party, making the holding in *Dickens* inapplicable. *See Beirne v. Security Heating–Clearwater Pools, Inc.*, 759 F.Supp. 1120 (M.D.Pa.1991) (intervening cause is not properly applied to the plaintiff's conduct). We recognize, however, the incongruity of a decision allowing a fleeing suspect to hold a governmental unit liable when her actions result in harm to herself, whereas if she had injured a third party, the governmental unit would not be liable to the third party under *Dickens*.

We cannot ignore that it is the fleeing suspect who initiates and continues the chase without regard to the safety of themselves or others. *Dickens*. Hawks could have slowed down or stopped her vehicle at any time, accepting any unpleasantness of apprehension. By choosing not to do so and arguing that the Borough be liable for the resulting accident, she would make governments the insurer of fleeing suspects.

5. *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987). In *Mascaro*, the Supreme Court held that acts of others are specifically excluded in the general immunity section, Section 8541, and that immunity is not waived in any of the eight exceptions. "On this basis alone, we must conclude that any harm that others cause may not be imputed to the local agency or its employees." *Id.* at 363, 523 A.2d at 1124.

*See Blair v. City of Rainbow City*, 542 So.2d 275 (Ala.1989); *Hooper v. City of Chula Vista*, 212 Cal.App.3d 442, 260 Cal.Rptr. 495 (4th Dist.1989), *review denied*, (Cal. Sept. 28, 1989). Because the Borough is shielded from liability for injuries to innocent third parties as a result of a police chase because of the suspect's criminal actions in fleeing the police, it would be completely inconsistent to allow the fleeing suspect to collect damages from the Borough by ignoring her criminal actions. Accordingly, we affirm the order of the trial court sustaining the Borough's preliminary objections.[6]

### ORDER

AND NOW, this 21st day of July, 1993, the order of the Court of Common Pleas of Butler County dated November 17, 1992, No. 92–076, is affirmed.

---

**6.** Moreover, while Hawks contends that the accident in which she was injured was caused by the negligent operation of the police vehicle under the vehicle exception, her allegations of negligence relate to when and where Officer Livermore decided to follow and stop her vehicle and to the decision to continue the pursuit. She contends that the officer was negligent in not attempting to stop her within the Borough rather than wait until she was outside of town. Such allegations go to the "apprehension" techniques used by a police officer. Even if negligent, such decisions made by the police in determining what method of apprehension to follow are not within the vehicle exception because that is not the "operation" of the vehicle nor are they within any of the other exceptions to governmental immunity. *See City of Pittsburgh v. Jodzis*, 147 Pa. Commonwealth Ct. 234, 259, 607 A.2d 339, 352 (1992), *petition for allowance of appeal denied*, 533 Pa. 647, 622 A.2d 1378 (1993); *Bickert v. Borough of Riverside*, 118 Pa. Commonwealth Ct. 91, 545 A.2d 962 (1988).

With this holding, we agree with several other states who have decided that liability attaches "only to the police officer's physical operation of his own vehicle and not to the decision to *chase* or *continue to chase* a law violator." *Thornton v. Shore*, 233 Kan. 737, 666 P.2d 655, 668 (1983). (Emphasis in original). *See also Kelly v. City of Tulsa*, 791 P.2d 826 (Okl.App.1990); *Hooper.*