763 A.2d 394

**William A. LINDSTROM, Jr. and Virginia Lindstrom, as Administrators of the Estate of Ramsey L. Lindstrom, Deceased, Appellees,**

v.

**CITY OF CORRY, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 11, 2000.

Decided Dec. 22, 2000.

580

T. Warren Jones, Lisa Lynn Smith, Erie, for City of Corry.

Edward P. Weiss, Bala Cynwyd, for William A. and Virginia Lundstrom.

Before: FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and SAYLOR, JJ.

## OPINION

CAPPY, Justice.

██ The issues presented are whether a local agency owes a common law duty to a driver who flees from a police officer, and whether a claim on behalf of a fleeing driver falls within the vehicle liability exception to governmental immunity under the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8541 *et seq.* ("Tort Claims Act"). We hold that a local agency has no common law duty to a fleeing driver, and accordingly, reverse the order of the Commonwealth Court.[1]

On the evening of July 15, 1995, Appellees' son, Ramsey, was driving his vehicle along South Center Street in the City of Corry. City of Corry Officer Tom Beebe, who was in a patrol car, observed Ramsey, decided to pull him over, and turned on his flashing lights. When Ramsey failed to pull over, Beebe began to follow him; the parties dispute whether the pursuit involved a high speed chase. Ramsey ultimately lost control of his vehicle, struck several curbs and a tree, and flipped over. Although Ramsey was rushed to the hospital, his injuries proved to be fatal.

Appellees filed a wrongful death and survival action against Appellant City of Corry, alleging negligence on the part of Appellant and its agent, Officer Beebe, in the initiation and continuation of a high speed chase, and the lack of proper pursuit policies. Appellant filed an Amended Answer and New Matter raising, *inter alia,* the defense of governmental immunity pursuant to the Tort Claims Act, and subsequently moved for judgment on the pleadings.

The trial court granted Appellant's motion. The court recognized that prior cases interpreted the statute to preclude liability on the part of the local agency when the injury occurred while the injured person was attempting to avoid apprehension. *See Dickens v. Horner,* 531 Pa. 127, 611 A.2d 693 (1992); *Hawks v. Livermore,* 157 Pa.Cmwlth. 243, 629 A.2d 270 (1993); *Tyree v. City of Pittsburgh,* 669 A.2d 487

1. Because of our resolution of the first issue, we need not address the second.

(Pa.Cmw.1995). For example, in *Dickens*, an innocent third party was injured when her car was struck by a motorist who was fleeing an officer. The injured third party sued the motorist as well as the officer and municipality. This court found that the officer and municipality were immune from suit because the Tort Claims Act precludes governmental liability for the criminal or negligent acts of a third party. *Dickens*, 611 A.2d at 695. The following year, the Commonwealth Court in *Hawks* addressed a negligence claim brought by a driver for injuries she suffered while she tried to elude police officers. In light of *Dickens'* holding precluding recovery by innocent third parties, the court in *Hawks* held that it would be inconsistent to allow the fleeing suspect to collect damages due to her own criminal actions. The court in *Tyree*, which also involved injuries to a fleeing driver, followed the reasoning in *Hawks* in rejecting the plaintiff's claim.

The trial court in the instant case also acknowledged that the legislature had amended the vehicle liability exception to include the following emphasized language:

(1) Vehicle liability.—The operation of any motor vehicle in the possession or control of the local agency, *provided that the local agency shall not be liable to any plaintiff that claims liability under this subsection if the plaintiff was, during the course of the alleged negligence, in flight or fleeing apprehension or resisting arrest by a police officer or knowingly aided a group, one or more of whose members were in flight or fleeing apprehension or resisting arrest by a police officer.* As used in this paragraph, "motor vehicle" means any vehicle which is self-propelled and any attachments thereto, including vehicles operated by rail, through water or in the air.

42 Pa.C.S. § 8542(b)(1), *as amended* 1995, July 6, P.L. 290, No. 43, § 1 (effective in 60 days). This amendment did not become effective until after the July 15, 1995 accident at issue. Appellees argued that the legislature, in taking the affirmative step of adding language to preclude liability to persons evading the police, indicated that previous cases interpreting the vehicle liability exception were wrongly decided. In other

words, contrary to the holdings in *Hawks* and *Tyree*, prior to the amendment, the legislature intended that claims by drivers fleeing apprehension could fall within the vehicle liability exception. The trial court also rejected this claim.

On appeal, the Commonwealth Court reversed in a memorandum opinion. As the amendment was not in effect at the time of the incident, the court found that Appellees' claim would not be a fruitless exercise. The Commonwealth Court also found that the trial court's decision was inconsistent with this court's holding in *Jones v. Chieffo*, 549 Pa. 46, 700 A.2d 417 (1997). In *Jones*, as in *Dickens*, an innocent third party was injured as a result of a police chase. The court in *Jones* overruled *Dickens* and held that a governmental agency was not immune from liability when its own negligence, along with the fleeing suspect's negligence, causes harm to an innocent third party. *Jones*, 700 A.2d at 420. Applying the rationale in *Jones*, the Commonwealth Court concluded that the issues raised by Appellees should go beyond the pleading stage. The instant appeal followed.

In passing on a challenge to the sustaining of a motion for judgment on the pleadings, our standard of review is limited. *Emerich v. Phil. Center for Human Development, Inc.*, 554 Pa. 209, 720 A.2d 1032, 1034 n. 1 (1998) (citation omitted). A motion for judgment on the pleadings will be granted where, on the facts averred, the law says with certainty that no recovery is possible. *Id.* As this appeal presents a question of law, our scope of review is plenary. *Phillips v. A–Best Products Co.*, 542 Pa. 124, 665 A.2d 1167, 1170 (1995).

Appellant argues that pursuant to *Tyree* and *Hawks*, it owed no duty to a fleeing suspect and that the cause of the incident was the fleeing suspect's own criminal acts. Additionally, Appellant contends that Appellees' claims do not fall within the vehicle liability exception since Appellees' allegations relate to the officer's decision to pursue the driver and continue the chase and lack of proper pursuit policies, rather than to the actual operation of the officer's car.

Appellees renew their argument that the General Assembly, by amending the vehicle liability exception to specifically exclude liability to persons fleeing from police, expressed its belief that previous cases interpreting this exception were wrongly decided, and that the exception applied to police pursuits occurring prior to the amendment. They further assert that their claims fall within the plain language of the vehicle liability exception because the police officer was operating a motor vehicle owned by Appellant at the time of the accident.

■ The Tort Claims Act provides the defense of governmental immunity against any damages resulting from injury to a person or property caused by any act of a local agency or its employee. 42 Pa.C.S. § 8541. However, the legislature has also allowed for several exceptions to this grant of immunity. Pursuant to the Tort Claims Act, an injured party may recover in tort from a local agency if: (1) the damages would be otherwise recoverable under common law or statute creating a cause of action if the injury were caused by a person not having available a defense under § 8541, 42 Pa.C.S. § 8542(a)(1); (2) the injury was caused by the negligent act of the local agency or an employee acting within the scope of his official duties, 42 Pa.C.S. § 8542(a)(2); and (3) the negligent act of the local agency falls within one or more of the eight enumerated categories of exceptions to immunity, 42 Pa.C.S. § 8542(b). These exceptions must be construed strictly because of the clear legislative intent to insulate government from exposure to tort liability. *Lockwood v. City of Pittsburgh*, 561 Pa. 515, 751 A.2d 1136, 1139 (2000) (*citing Kiley v. City of Philadelphia*, 537 Pa. 502, 645 A.2d 184, 185–86 (1994)).

■ Initially, we must determine if Appellees can meet the threshold requirement of 42 Pa.C.S. § 8542(a)(1), namely, whether Appellants owed Ramsey a common law duty. "[T]he legal concept of duty of care is necessarily rooted in often amorphous public policy considerations, which may include our perception of history, morals, justice and society." *Althaus v.*

*Cohen,* 562 Pa. 547, 756 A.2d 1166, 1169 (2000) (*citing Gardner v. Consolidated Rail Corp.,* 524 Pa. 445, 573 A.2d 1016, 1020 (1990)). In determining whether a duty exists in a particular case, a court must weigh several discrete factors, including: (1) the relationship between the parties; (2) the social utility of the actor's conduct; (3) the nature of the risk imposed and foreseeability of the harm incurred; (4) the consequences of imposing a duty upon the actor; and (5) the overall public interest in the proposed solution. *Id.* (citations omitted).

█ We will apply these factors to determine whether to impose a common law duty of care upon governmental agencies and their agents when a police officer pursues fleeing drivers. As to the first factor, regarding the relationship between the parties, a law enforcement officer is a protector of all members of the public. The officer's relationship to the fleeing suspect must be viewed in light of the broader relationship to the safety of the community he or she serves. Any duty of protection the officer has is lessened as soon as the driver flees rather than complying with a request to stop. The second factor weighs against imposing a duty, as the social utility of a police officer's attempt to apprehend a person suspected of violating the law is beyond dispute. Turning to the third factor, it is evident that there is a risk of injury to the fleeing driver, and it is foreseeable that drivers who refuse to pull over when alerted to do so may be injured in their attempt to elude an officer. Fourth, the consequences of imposing a duty upon officers are burdensome, as that may prevent the apprehension of dangerous criminals and further encourage flight. Finally, the public has a preeminent interest in ensuring that roadways remain safe from dangerous drivers and criminals and that police officers are empowered to enforce the law. On balance, these factors do not call for imposing a common law duty of care in these circumstances. *See Estate of Day v. Willis,* 897 P.2d 78 (Alaska 1995) (public policy does not support imposing a legal duty on officers to protect fleeing offenders from their own actions); *Robinson v. City of Detroit,* 462 Mich. 439, 613

N.W.2d 307 (2000) (police owe no duty to a wrongdoer, including fleeing driver).[2]

Because Appellees fail to meet the threshold requirement of the Tort Claims Act, we need not reach the parties' arguments regarding whether this claim falls within the vehicle liability exception or the effect of the 1995 amendment.[3] Accordingly, we reverse the order of the Commonwealth Court and remand for proceedings consistent with this opinion.

Justice NEWMAN did not participate in the consideration or decision of this case.

**2.** We agree with Appellant that *Jones* is not relevant to the issue of whether a local agency owes a common law duty to a driver who flees from a police officer. *Jones* involved an innocent third party injured during the course of a police chase, which does not influence our analysis regarding the duty owed to a fleeing suspect himself. Thus, the Commonwealth Court below improperly relied on *Jones* in reaching its decision.

**3.** In any event, we would not be persuaded by Appellees' contention. The amendment was drafted in response to a case in which a fleeing suspect was *permitted* to recover damages from a municipality for injuries he sustained in the course of a police pursuit. *See* Legislative Journal—House at 1784 (1995). It is evident that in amending the statute, the legislature disagreed with that case and sought to "limit the liability for municipalities when they are chasing suspected criminals." *Id.* Thus, the legislature's position is consistent with the decisions in *Hawks* and *Tyree*, which determined, as does the amendment, that local agencies cannot be held liable for injuries to fleeing drivers.