Frances **FRAZIER** and Larry Frazier, Administrators of the Estate of Cory R. Frazier, Deceased and Frances Frazier and Larry Frazier, Individually,

v.

**COMMONWEALTH** of Pennsylvania, Pennsylvania State Police, Jenner Township, Conemaugh Township and Trooper David Holtzman.

Appeal of Commonwealth of Pennsylvania, Pennsylvania State Police and Trooper David Holtzman.

Commonwealth Court of Pennsylvania.

Argued Feb. 3, 2004.
Decided March 24, 2004.

John G. Knorr, II, Pittsburgh, for appellant.

Robert P. Ging, Jr., Confluence, for appellee.

BEFORE: COLINS, President Judge, and SIMPSON, J. (P), and McCLOSKEY, Senior Judge.

OPINION BY Judge SIMPSON.

The Pennsylvania State Police (PSP) appeal an interlocutory order of the Court of Common Pleas of Somerset County (trial court) denying its motion for judgment on the pleadings. We are asked whether the PSP and an individual state trooper owe a duty of care to a driver who flees. We hold they do not.

On the evening of September 3, 1999, Cory Frazier (Frazier) was driving his vehicle along State Route 985 in Somerset County. State Trooper David Holtzman (Trooper Holtzman) observed Frazier's vehicle commit a traffic violation. Trooper Holtzman began to pursue Frazier's vehicle. At some point during the pursuit, Frazier lost control of his vehicle and collided with a tree. Frazier did not survive the collision.

Frazier's parents, Frances and Larry Frazier (Parents), filed a wrongful death and survival action against the PSP and Trooper Holtzman.[1] In their Amended Complaint, Parents averred:

19. The injuries to and death of [Frazier] were caused solely and proximately by the willfulness, wantonness, recklessness and negligence of Defendants, jointly and severally generally and as hereinafter set forth:

DEFENDANTS COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA STATE POLICE and TROOPER DAVID HOLTZMAN.

A. In pursuing [Frazier's] vehicle at such a high rate and excessive rate of speed so as to make it impossible for [Frazier] to safely stop;

B. In continuing such a dangerous pursuit;

C. In pursuing [Frazier's] vehicle in such close proximity so as to cause and allow contact between the vehicles;

D. In pursuing [Frazier's] vehicle in such a manner and at such a speed to [not] permit the safe operation of either vehicle, and without due regard for the safety of all persons and regulations promulgated pursuant thereto and endangering the life of another;

E. In violating the Motor Vehicle Code;

F. In violating the rules, regulations and policies of the Pennsylvania State Police applicable to such circumstances;

G. In otherwise violating the rules of the road based upon the conditions then and there existing.

Pls.' Am. Compl. at ¶ 19; Reproduced Record (R.R.) at 5. The PSP filed an Answer and New Matter raising, among other things, the defense of immunity pursuant

---

1. Jenner Township and Conemaugh Township were also named as defendants, but are not parties to this interlocutory appeal.

to the Sovereign Immunity Act.[2] It subsequently moved for judgment on the pleadings.

Before the trial court, the PSP asserted it was entitled to judgment as a matter of law under our Supreme Court's decision in *Lindstrom v. City of Corry*, 563 Pa. 579, 763 A.2d 394 (2000), which holds that a local agency and its police officer owe no common law duty of care to a fleeing driver. The trial court disagreed.

First, the trial court considered whether Trooper Holtzman owed Frazier a common law duty. Distinguishing the Sovereign Immunity Act from the Political Subdivision Tort Claims Act (Tort Claims Act),[3] the trial court noted the 1995 amendment to the vehicle liability exception in the Tort Claims Act, which expressly retains immunity from suit brought by persons injured while being pursued by police. The trial court noted no similar provision was added to the Sovereign Immunity Act. The trial court declined to extend the holding in *Lindstrom* to PSP officers, reasoning that different provisions for vehicle liability in the two immunity statutes supported different treatment of local police officers and state police troopers.

Next, the trial court determined Parents adequately raised a statutory duty. Specifically, the trial court stated:

> In the instant case, [Parents] have raised the Trooper's statutory duty of care set forth in the Vehicle Code, 75 Pa.C.S.A. § 101 et seq. .... [U]nder 75 Pa.C.S.A. § 3105(e), police officers, as drivers of emergency vehicles have a statutory duty of care for "all persons"—not just innocent bystanders....
>
> By its enactment of § 3105, the legislature has established a duty upon drivers of emergency vehicles to drive with due regard for the safety of all persons. Courts have held that a police officer in pursuit of a fleeing person must adhere to the duty of due regard set forth in § 3105.... While our legislature has abrogated this duty with regard to municipal police officers ... to date, it has not amended the Sovereign Immunity Act to include a provision to so specifically limit the liability of *Commonwealth* police officers. Accordingly, we are constrained to permit [Parents] cause of action to go forward....

Slip Op. at 7 (citations omitted) (emphasis in original). As a result, the trial court denied the PSP's motion for judgment on the pleadings. Thereafter, the trial court certified its order for permissive interlocutory appeal. We granted permission.[4]

On appeal, the PSP asserts the trial court erred in: (1) limiting the holding in *Lindstrom* to local agency police officers; and (2) determining that Section 3105(e) of the Vehicle Code creates a statutory duty of care to a fleeing motorist.

■ The Commonwealth and its agencies are immune from suit except where the General Assembly specifically waives immunity. 1 Pa.C.S. § 2310; 42 Pa.C.S. § 8521. A commonwealth party is not liable unless (1) the alleged act of the commonwealth party is a negligent act for

---

**2.** 42 Pa.C.S. §§ 8521–8528.

**3.** 42 Pa.C.S. §§ 8541–8542.

**4.** Our review of a trial court's denial of judgment on the pleadings is limited to a determination of whether the trial court committed an error of law or abused its discretion. *Marriott Corp. v. Alexander*, 799 A.2d 205 (Pa. Cmwlth.2002). The motion may be granted only where no material facts are at issue and it is clear that trial would be a fruitless exercise. *Id.* We must accept as true all well-pled statements of fact of the party against whom the motion is granted. *Zernhelt v. Lehigh County Office of Children & Youth Servs.*, 659 A.2d 89 (Pa.Cmwlth.1995).

which damages would be recoverable under the common law or by statute, 42 Pa.C.S. § 8522(a); and (2) the act of the commonwealth party falls within one of the exceptions listed in 42 Pa.C.S. § 8522(b). *Brown v. Blaine,* 833 A.2d 1166 (Pa. Cmwlth.2003). Exceptions to sovereign immunity must be strictly construed as to uphold legislative intent and insulate the Commonwealth from tort liability. *Southeastern Pennsylvania Transp. Auth. v. Holmes,* 835 A.2d 851 (Pa.Cmwlth.2003).

At the outset, we must determine if Parents can meet the threshold requirement under 42 Pa.C.S. § 8522(a), namely, whether the PSP and Trooper Holtzman owed Frazier a common law or statutory duty.

### I.  Common Law Duty

■ The PSP first asserts the trial court erred in limiting our Supreme Court's holding in *Lindstrom* to local agency police officers. It argues the Supreme Court decided *Lindstrom* based on broad public policy considerations which apply equally to local and state police. Parents respond that *Lindstrom* is distinguishable because the Legislature amended the vehicle liability exception in the Tort Claims Act to explicitly bar recovery to persons evading the police, but it did not similarly amend the Sovereign Immunity Act.

In *Lindstrom,* a city police officer, who was in a patrol car, observed a motorist and decided to pull him over. When the motorist failed to pull over, the officer began to follow him. During the ensuing pursuit, the motorist lost control of his vehicle and was killed. The parents of the motorist sued the city, alleging its officer was negligent in initiating and continuing a high speed chase. The city moved for judgment on the pleadings raising a gov-

ernmental immunity defense under the Tort Claims Act.

In considering whether the city and its officer owed the fleeing driver a common law duty, the Court examined five public policy factors. Specifically, the Court considered: (1) the relationship between the parties; (2) the social utility of the actor's conduct; (3) the nature of the risk imposed and foreseeability of the harm incurred; (4) the consequences of imposing a duty upon the actor; and (5) the overall public interest in the proposed solution. *Id.* (citing *Althaus v. Cohen,* 562 Pa. 547, 756 A.2d 1166 (2000)). Applying these factors to determine whether to impose a common law duty upon *"governmental agencies and their agents* when a police officer pursues fleeing drivers," [5] the Court, speaking through Justice (now Chief Justice) Cappy, stated:

> As to the first factor, regarding the relationship between the parties, a law enforcement officer is a protector of all members of the public. The officer's relationship to the fleeing suspect must be viewed in light of the broader relationship to the safety of the community he or she serves. Any duty of protection the officer has is lessened as soon as the driver flees rather than complying with a request to stop. The second factor weighs against imposing a duty, as the social utility of a police officer's attempt to apprehend a person suspected of violating the law is beyond dispute. Turning to the third factor, it is evident that there is a risk of injury to the fleeing driver, and it is foreseeable that drivers who refuse to pull over when alerted to do so may be injured in their attempt to elude an officer. Fourth, the consequences of imposing a duty upon officers are burdensome, as that may

5.  *Lindstrom,* 563 Pa. at 585, 763 A.2d at 397

(emphasis added).

prevent the apprehension of dangerous criminals and further encourage flight. Finally, the public has a preeminent interest in ensuring that roadways remain safe from dangerous drivers and criminals and that police officers are empowered to enforce the law. . . .

*Id.* at 585–86, 763 A.2d at 397. The Court held, "[o]n balance, these factors do not call for imposing a common law duty of care in these circumstances." *Id.* (citing *Estate of Day v. Willis*, 897 P.2d 78 (Alaska 1995)) (public policy does not support imposing a legal duty on officers to protect fleeing offenders from their own actions); *Robinson v. City of Detroit*, 462 Mich. 439, 613 N.W.2d 307 (2000) (police owe no duty to a wrongdoer, including fleeing driver).[6] As the plaintiffs did not meet the threshold requirement under the Act, the Court did not address the applicability of the vehicle liability exception or the effect of the 1995 amendment.

Applying the five public policy factors set forth in *Lindstrom,* we discern no basis upon which to distinguish local police officers from PSP troopers. The broad public policy considerations that led our Supreme Court to hold that local agency police officers owe no common law duty to fleeing drivers apply with equal force to PSP troopers. Indeed, a contrary conclusion would yield inconsistent results. Were we to hold state troopers owe fleeing motorists a common law duty, a motorist injured during a pursuit by a convoy of local and state police could sue state troopers but not local officers for engaging in the same conduct, an absurd result.

■■■ Our Supreme Court holds, because the immunity statutes deal with the same subject matter, they must be read consistently. *Jones v. Southeastern Pennsylvania Transp. Auth.,* 565 Pa. 211, 772 A.2d 435 (2001); *Kilgore v. City of Phila.,* 553 Pa. 22, 717 A.2d 514 (1998). Here, the immunity statutes contain the same threshold requirement. Specifically, to recover from a Commonwealth or local agency, a plaintiff must first establish damages would be recoverable under common law or by statute. *Compare* 42 Pa.C.S. § 8522(a) *and* 42 Pa.C.S. § 8542(a)(1). Because the statutes must be read consistently and because *Lindstrom* holds local police officers owe no common law duty to fleeing motorists, we conclude no common law duty is owed to fleeing motorists by state troopers.

Thus, analysis of the policy factors identified by our Supreme Court in *Lindstrom* supports a conclusion that Commonwealth troopers owe no common law duty to fleeing motorists. Also, a consistent reading of the immunity statutes supports a conclusion that neither Commonwealth troopers nor local officers owe a common law duty to fleeing motorists.

■■■ Different statutory provisions for vehicle liability exceptions to immunity do not require a different result. An exception to immunity does not create a cause of action. The cause of action must exist independently. Where, as here, common

---

**6.** Prior to *Lindstrom,* this Court held police officers and governmental agencies were immune from suits brought by fleeing motorists. *See Tyree v. City of Pittsburgh,* 669 A.2d 487 (Pa.Cmwlth.1995); *Hawks by Hawks v. Livermore,* 157 Pa.Cmwlth. 243, 629 A.2d 270 (1993). In *Hawks,* we stated:

We cannot ignore that it is the fleeing suspect who initiates and continues the chase without regard to the safety of themselves or others. Hawks could have slowed down or stopped her vehicle at any time, accepting any unpleasantness of apprehension. By choosing not to do so and arguing that the Borough be liable for the resulting accident, she would make governments the insurer of fleeing suspects.

*Hawks,* 629 A.2d at 272.

law liability does not exist independently, language or the lack of language in the vehicle liability exception to immunity cannot be the basis for a cause of action. The trial court's reasoning to the contrary was erroneous.

## II. Statutory Duty

■ The PSP also contends the trial court erred in determining Section 3105(e) of the Vehicle Code imposes a statutory duty of care upon a state police officer to a fleeing motorist. The PSP argues the statute concerning duties of emergency vehicle operators is not the type of "statute creating a cause of action" referred to in the governmental immunity statutes as giving rise to potential tort liability. Parents counter Section 3105(e) creates a statutory duty because it requires drivers of emergency vehicles to drive with due regard for the safety of *all* persons, not just innocent bystanders.

Section 3105 of the Vehicle Code, the emergency vehicle doctrine, provides as pertinent:

(a) **General Rule.**—The driver of an emergency vehicle, when responding to an emergency call or when in pursuit of an actual or suspected violator of the law ... may exercise the privileges set forth in this section, but subject to the conditions stated in this section.

(b) **Exercise of special privileges.**— The driver of an emergency vehicle may:

(1) Park or stand irrespective of the provisions of this part.

(2) Proceed past a red signal indication or stop sign, but only after slowing down as may be necessary for safe operation . . .

(3) Exceed the maximum speed limits so long as the driver does not endanger life or property . . .

(4) Disregard regulations governing direction of movement, overtaking vehicles or turning in specified directions.

(c) **Audible and visual signals required.**—The privileges granted in this section to an emergency vehicle shall apply only when the vehicle is making use of an audible signal and visual signals meeting the requirements and standards set forth in regulations adopted by the department.

\* \* \* \*

(e) **Exercise of Care.**—This section *does not relieve* the driver of an emergency vehicle from the duty to drive with due regard for the safety of all persons.

75 Pa.C.S. § 3105 (emphasis added).

■■ "[T]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the legislature as expressed by the words employed." *Elite Indus., Inc. v. Pennsylvania Pub. Util. Comm'n*, 574 Pa. 476, 481, 832 A.2d 428, 431 (2003). A law must be construed, if possible, to give effect to all of its provisions so all words have meaning, and none are treated as surplusage. *Colodonato v. Consol. Rail Corp.*, 504 Pa. 80, 470 A.2d 475 (1983); *Dep't of Transp. v. Sortino*, 75 Pa.Cmwlth. 541, 462 A.2d 925 (1983). When construing a statute, we presume the legislature "intends to favor the public interest as against any private interest." 1 Pa.C.S. § 1922(5). *See also Lewis v. Pennsylvania Bar Ass'n*, 549 Pa. 471, 701 A.2d 551 (1997). An interpretation of a statute which produces an unreasonable result is contrary to the rules of statutory construction. 1 Pa.C.S. § 1922(1).

■ Mindful of these principles, we consider whether Section 3105(e) creates a statutory duty to a fleeing motorist. Section 3105(e) states that it "does not relieve" the driver of an emergency vehicle

of the duty to drive with due regard for the safety of all persons. 75 Pa.C.S. § 3105(e). It does not, however, expressly create an actionable standard of care. Thus, although Section 3105 grants privileges to drivers of emergency vehicles, it does not expand their common law liability.

 Clearly, the emergency vehicle doctrine reduces the duties of drivers of emergency vehicles to comply with some provisions of the Vehicle Code. However, it does not totally abolish duties of those drivers. A residual or "floor" duty remains. So, while drivers of emergency vehicles are granted conditional privileges to operate in a manner inconsistent with the Vehicle Code, they must still drive with due regard under the circumstances. *See Johnson v. City of Phila.*, 808 A.2d 978 (Pa.Cmwlth.2002). Section 3015(e) does not create a duty not otherwise existing; rather it recognizes the residual duty of drivers of emergency vehicles.

Because the emergency vehicle doctrine does not create duties, it cannot supply a cause of action here, where no common law duty exists to a fleeing motorist. This interpretation gives effect to the entire provision, yields a reasonable result, and favors the public interest, which is "preeminent" when police pursue a fleeing motorist. *Lindstrom,* 563 Pa. at 585, 763 A.2d at 397.[7] Consequently, the trial court erred in determining Section 3105(e) creates an actionable legal duty in these circumstances.[8]

Based on the foregoing, we reverse.

7. Confronted with a similar argument, the Supreme Court of Alaska reached the same result. *See Estate of Day* (interpreting similar emergency vehicle provision as focusing on the safety of innocent persons rather than establishing a duty to protect fleeing offenders).

## ORDER

AND NOW, this 24th day of March, 2004, the order of the Court of Common Pleas of Somerset County denying the motion for judgment on the pleadings filed by the Pennsylvania State Police and Trooper David Holtzman is REVERSED.

Jurisdiction relinquished.

8. Parents also assert it is significant that the PSP pursuit policy incorporates the statutory duties of emergency vehicle drivers set forth in Section 3105(e). Because we conclude Section 3105(e) does not create a statutory duty toward a fleeing motorist, incorporation of the statutory language into the PSP pursuit policy is immaterial.