**Andrew KUNISKAS, Appellant**

v.

**COMMONWEALTH of Pennsylvania, Pennsylvania State Police.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 15, 2009.

Decided July 10, 2009.

Andrew J. Ostrowski, Harrisburg, for appellant.

Calvin R. Koons, Sr. Deputy Attorney General and John G. Knorr, III, Chief Deputy Attorney General, Harrisburg, for appellee.

BEFORE: LEADBETTER, President Judge, and SIMPSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge SIMPSON.

In this appeal, Andrew Kuniskas (Plaintiff) asks whether the Court of Common Pleas of the 44th Judicial District, Wyoming County Branch (trial court) erred in granting summary judgment in favor of the Pennsylvania State Police (PSP) in Plaintiff's negligence suit. The trial court determined Plaintiff, who suffered injuries as a result of a collision that occurred while he attempted to flee from a state police officer, could not sustain a cause of action against the PSP for his injuries because state police troopers do not owe a duty of care to fleeing drivers. *See Frazier v. Commonwealth*, 845 A.2d 253 (Pa. Cmwlth.2004). Discerning no error in the trial court's decision, we affirm.

In May 2006, Plaintiff was unlawfully operating an all-terrain vehicle (ATV)[1] on State Road 29 in Noxen, Wyoming County. The ATV approached PSP Corporal Joseph Walsh, who was driving a marked patrol car in the opposite direction. According to Plaintiff, Corporal Walsh "came towards [him] like he was going to cut [him] off." Reproduced Record (R.R.) at 209a. Plaintiff was travelling north, and Corporal Walsh testified as Plaintiff approached, Corporal Walsh pulled into the northbound lane, partially blocking it, in an attempt to stop Plaintiff. Plaintiff then made a U-turn in front of Corporal Walsh and fled in the opposite direction.

During their depositions, Plaintiff and Corporal Walsh offered differing accounts of what occurred next. For his part, Corporal Walsh testified he pursued Plaintiff at a distance with lights flashing. On the other hand, Plaintiff testified he did not notice any flashing lights because Corporal Walsh's vehicle continually struck the ATV in an attempt to make it spin out and stop it. In any event, Plaintiff did not stop, but rather continued to flee from Corporal Walsh.

Eventually, Corporal Walsh's patrol car collided with the ATV and it overturned, causing injuries to Plaintiff. Plaintiff then freed himself from the overturned ATV and continued his flight from Corporal Walsh; however, he was later apprehended. As a result of the incident, Plaintiff pled guilty to driving under suspension (DUI Related) and fleeing or attempting to elude a police officer.[2]

In September 2007, Plaintiff filed a negligence action against the PSP seeking damages for his injuries. The PSP filed an answer and new matter and, after a

1. An ATV is defined as "[a] motorized off-highway vehicle which travels on three or more inflatable tires" and meets certain statutorily prescribed width and weight specifications. 75 Pa.C.S. § 7702. With certain limited exceptions, "it is unlawful to operate ... an ATV on any street or highway which is not designated and posted as ... an ATV road by the governmental agency having jurisdiction." 75 Pa.C.S. § 7721(a).

2. At his deposition, Plaintiff testified he had a prior five-year suspension of his driver's license for fleeing from police. Reproduced Record at 190a.

period of discovery, moved for summary judgment.

Ultimately, the trial court issued an order granting summary judgment in favor of the PSP. Plaintiff appealed to this Court, and the trial court issued an opinion in support of its order in which it stated, in pertinent part:

> It is the Plaintiff's obligation to establish a cause of action (by statute or common law) for which damages may be awarded, before addressing the issue of sovereign immunity. To this end, [the PSP] relies upon [*Frazier*] which is factually similar to this matter. Put simply, that case held that a state police officer does not owe a duty of care to a driver who flees. As no cause of action independently exists here, summary judgment was appropriate.

Tr. Ct., Slip Op., 12/8/08 at 2. This matter is now before us for disposition.

On appeal,[3] Plaintiff argues the trial court erred in relying exclusively on *Frazier* when it granted summary judgment in favor of the PSP as that case is distinguishable from the facts presented here. Specifically, Plaintiff asserts, *Frazier* involved a high speed chase in which a police cruiser pursued a fleeing motorist, and the vehicle driven by the fleeing motorist later collided with a tree, killing the driver. Unlike *Frazier*, he contends, here the police cruiser and Corporal Walsh were the instrumentalities that caused the fleeing ATV to crash. To that end, Plaintiff argues Corporal Walsh engaged in reckless and dangerous behavior by repeatedly and purposefully ramming the ATV. Ultimately, Plaintiff contends, Corporal Walsh will-

fully caused the ATV to spin out of control and flip. For these reasons, Plaintiff asserts, this case differs substantially from the facts at issue in *Frazier* and, as a result, the PSP is not immune from suit here.

The PSP responds Plaintiff suffered injuries on an ATV in the course of flight from a state trooper who was trying to apprehend him for traffic violations. Under these circumstances, the PSP asserts, the law is clear that the police officer owes no common law duty of care to the fleeing suspect and, as a result, a negligence action against the PSP is barred by sovereign immunity.

■ The Commonwealth and its agencies are immune from suit except where the General Assembly specifically waives immunity. 1 Pa.C.S. § 2310; 42 Pa.C.S. § 8521. A commonwealth party is not liable unless (1) the alleged act of the commonwealth party is a negligent act for which damages would be recoverable under common law or by statute, 42 Pa.C.S. § 8522(a); and (2) the act of the commonwealth party falls within one of the exceptions set forth in 42 Pa.C.S. § 8522(b). *Mullin v. Dep't of Transp.*, 582 Pa. 127, 870 A.2d 773 (2005).

In *Frazier*, a driver was operating his vehicle when a state trooper observed him commit a traffic violation. The trooper began to pursue the vehicle, but the driver did not stop. Ultimately, the driver lost control of his vehicle and a collision occurred, which resulted in the driver's death. The driver's parents sued the PSP and the state trooper, claiming the driver's death was caused by, among other things,

---

**3.** Our review of a trial court order granting summary judgment is limited to determining whether the trial court erred as a matter of law or abused its discretion. *Irish v. Lehigh County Hous. Auth.*, 751 A.2d 1201 (Pa. Cmwlth.2000). When reviewing a trial court's grant of summary judgment, we must examine the record in a light most favorable to the non-moving party, accepting as true all well-pled facts and reasonable inferences to be drawn from those facts. *Id.*

the willful, reckless and negligent manner in which the trooper pursued the vehicle. Relying on our Supreme Court's decision in *Lindstrom v. City of Corry*, 563 Pa. 579, 763 A.2d 394 (2000) (municipality and its police officers owe no common law duty of care to fleeing motorists), this Court held the PSP and its state troopers owed no duty of care to the fleeing driver. We also determined it was improper to rely on the language of the vehicle liability exception to immunity to create a cause of action where no common law liability existed independently. Additionally, we held the "emergency vehicle doctrine" in Section 3105(e) of the Vehicle Code, 75 Pa.C.S. § 3105(e), did not create a statutory duty to a fleeing motorist where no common law duty existed. Consequently, we concluded the suit brought by the fleeing driver's parents was barred, and PSP and the state trooper were entitled to judgment on the pleadings.

■ *Frazier* controls here. More specifically, similar to the facts of *Frazier*, it is undisputed that Plaintiff sustained injuries as a result of an accident that occurred while he attempted to flee from Corporal Walsh. At his deposition Plaintiff testified when he observed Corporal Walsh's patrol car he made a u-turn in an attempt to evade Corporal Wash because he "figured [he] . . . [was] not allowed to ride [the ATV] on the roads," and he feared the ATV would be impounded. R.R. at 209a 11a. Additionally, Plaintiff acknowledged, as a result of the incident, he pled guilty to fleeing or attempting to elude a police officer and driving with a suspended license. R.R. at 220a–22a. In light of our decision in *Frazier*, which holds that state police troopers owe no common law duty of care to fleeing motorists and that the emergency vehicle doctrine does not supply a statutory duty in such circumstances, we discern no error in

the trial court's decision granting summary judgment in favor of the PSP on the ground Corporal Walsh owed Plaintiff no duty of care here.

Moreover, we reject Plaintiff's attempts to distinguish this case from *Frazier*. To that end, Plaintiff argues, although he was operating an ATV, presumably unlawfully, on a state road, that fact, by itself, is not tantamount to operating a motor vehicle. Plaintiff contends he was more in the nature of a pedestrian vis-à-vis the patrol car and, under the circumstances, Corporal Walsh was the aggressor and Plaintiff was not a "fleeing motorist" within the holding of *Frazier*. Recently, a similar argument was considered and rejected by the U.S. District Court for the Western District of Pennsylvania. *See Ferguson v. Commonwealth of Pennsylvania*, Civil Action No. 05–280E, 2009 WL 723426 (W.D.Pa. March 13, 2009).

In *Ferguson*, two state police officers observed a vacant pick-up truck parked on the side of the roadway that was carrying marijuana plants. A short time later, the driver of the pick-up truck and his passenger got into the truck and began to drive off. The officers pursued the truck in their patrol car. When the driver of the pick-up truck noticed the patrol car behind him, he sped up. At some point during the ensuing pursuit, the driver of the truck stopped briefly and dropped off the passenger, who then stood on the road. While the passenger stood on the road, the patrol car approached her and then struck her, causing injuries. The passenger subsequently filed suit in federal court asserting, among other things, a negligence claim against the PSP and the officer who was operating the patrol car. Citing *Lindstrom* and *Frazier*, the PSP and the officer sought summary judgment, claiming that under Pennsylvania law the officer owed no duty of care to the passenger who

exited the fleeing truck. The district court agreed and granted summary judgment in favor of the PSP and the officer on the passenger's negligence claim. More particularly, the court stated:

> [The] [p]laintiff argues that [*Lindstrom*] and [*Frazier*] are distinguishable in a number of ways. First, they involved efforts to stop motor vehicles already in transit, not a situation where pursuit was avoidable. It is plaintiff's theory that [the police officer] decided that he "wanted a car chase that night" and the he could have avoided the car chase by simply arresting the [driver and passenger] before they started the truck. Plaintiff also argues that *Frazier* and *Lindstrom* involved injuries or death as a result of the drivers' own actions, not direct contact between their own vehicles and those operated by law enforcement. And third, plaintiff argues that neither case involves a claim from a passenger, let alone a stationary pedestrian.
>
> In short, [the plaintiff] asks that we find that [the police officer] did not owe a duty to one occupant of the car, the driver, but he did owe a duty to the passenger. We find that under the circumstances of this case, in applying the *Lindstrom* factors, [the police officer] owed no common law duty of care either to a fleeing driver or to the passenger (owner of the vehicle) therein....

Even after [the plaintiff] left the truck and stood on the road, she was not an innocent bystander, she was a suspect whose name appeared on the title to a truck that had marijuana plants in it. Should we impose a legal duty on [the police officer] to protect this fleeing offender from her own actions in getting out of the truck in the dark of night?

*Id.*, 2009 WL 723426 at \*7.

We agree with the district court's determination in *Ferguson*, that the analysis appropriately turns on an individual's status as a fleeing suspect rather than the particular manner in which the injuries occurred. Additionally, like the district court in *Ferguson*, we reject Plaintiff's attempt to distinguish *Frazier* on the ground that in that case the driver's injuries resulted from his own actions rather than direct contact between the vehicle driven by the motorist and the vehicle driven by the police officer.

Based on the foregoing, we affirm.

### *ORDER*

AND NOW, this 10th day of July, 2009, the order of the Court of Common Pleas of the 44th Judicial District, Wyoming County Branch is **AFFIRMED.**