[J-31-2014] [MO: Stevens, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | |
|---|---|
| CELESTE SELLERS AND RICHARD K. SELLERS, INDIVIDUALLY AND AS ADMINISTRATORS OF THE ESTATE OF JOSHUA DAVID SELLERS, DECEASED, | : No. 97 MAP 2013<br>:<br>: Appeal from the order of the<br>: Commonwealth Court dated June 5, 2013<br>: at No. 531 CD 2011 affirming the order of |
| Appellants | : the Court of Common Pleas of<br>: Montgomery County, Civil Division, dated<br>: November 30, 2010 at No. 2007-14335 |
| v. | :<br>: ARGUED:  May 7, 2014<br>: |
| TOWNSHIP OF ABINGTON AND OFFICER EDWARD HOWLEY, INDIVIDUALLY AND AS AN EMPLOYEE OF TOWNSHIP OF ABINGTON AND LT. KARL KNOTT, INDIVIDUALLY AND AS AN EMPLOYEE OF TOWNSHIP OF ABINGTON, | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| Appellees | : |

**CONCURRING OPINION**

**MADAME JUSTICE TODD**                    **DECIDED:  December 29, 2014**

I concur with the majority that the Superior Court's order must be affirmed, as I agree that a balancing of the Althaus[1] factors weighs against the imposition of a duty of care to "unknown passengers" in a fleeing vehicle, where the term "unknown passengers" includes both "passengers whose presence in the vehicle *or* connection to the driver is unknown to the pursuing officer." See Majority Opinion at 5 n.5 (emphasis added).  I write separately, however, because I conclude the Althaus analysis is more

---

[1] Althaus v. Cohen, 756 A.2d 1166 (Pa. 2000).

nuanced than that offered by the majority, which is, in some respects, erroneous on its own terms.

As noted by the majority, a prerequisite to the determination of immunity for damages resulting from alleged negligent acts by a local agency is the establishment of a common law or statutory duty of care owed to the injured party. See Majority Opinion at 15-16; 42 Pa.C.S.A. § 9542(a). Further, as this Court explained in Althaus, in determining whether a common law duty exists in a particular case, a court must weigh a number of factors, including: (1) the relationship between the parties; (2) the social utility of the actor's conduct; (3) the nature of the risk imposed and foreseeability of the harm incurred; (4) the consequences of imposing a duty upon the actor; and (5) the overall public interest in the proposed solution. 756 A.2d at 1169. The majority concludes that these factors, "when weighed against one another, militate heavily against imposing a duty on officers to unknown passengers in a fleeing vehicle." Majority Opinion at 18. Overall, I agree with this assessment.

I disagree, however, with the majority's analysis of the first Althaus factor − the relationship between the parties. In Lindstrom v. City of Corry, this Court explained:

> [A] law enforcement officer is a protector of all members of the public. The officer's relationship to the fleeing suspect must be viewed in light of the broader relationship to the safety of the community he or she serves. Any duty of protection the officer has is lessened as soon as the driver flees rather than complying with a request to stop.

763 A.2d 394, 397 (Pa. 2000).

After quoting Lindstrom, the majority reasons:

> An officer's relationship to the community he or she serves hinges on the officer's ability to keep the members of the community safe from criminals, including dangerous drivers. Accordingly, where, as here, the officer was unaware of the

> presence of a passenger in a fleeing vehicle, this first factor
> weighs against imposing a duty.

Majority Opinion at 17. However, this analysis does not fully account for the majority's own definition of "unknown passengers" as including both "passengers whose presence in the vehicle or connection to the driver is unknown to the pursuing officer." See Majority Opinion at 5 n.5. The majority expressly conditions its assessment of this factor on the fact that "the officer was unaware of the presence of a passenger," but does not indicate whether it would reach the same conclusion if the presence of a passenger was known, but the relationship of the passenger to the driver was not known.

While it is reasonable to conclude, as the majority does, that the first Althaus factor counsels against the imposition of a duty when a police officer is unaware that there is a passenger in a fleeing vehicle, in my view, the balance does not weigh *as heavily* against the imposition of a duty where the officer is aware of the presence of a passenger, but does not know the passenger's relationship to the driver. As noted above, in Lindstrom, we held that police officers were protectors of *all* members of the public, but concluded that an officer's duty to a driver is lessened when the driver flees. As a passenger is not in control of the fleeing vehicle, a police officer arguably has a greater duty of protection to the passenger than to the driver. Yet, a police officer's relationship with a passenger whose presence in a fleeing vehicle is known to the officer, but whose relationship to the driver is not, still must be considered in light of the broader relationship to the safety of the community at large. In my view, where the passenger's relationship to the driver is unknown, and the officer has no reason to believe the passenger's presence in the car is not voluntary, an officer's duty to protect the members of the public and the community he serves predominates. For this reason, I conclude the first Althaus factor weighs slightly against the imposition of a duty either

to passengers whose presence in the vehicle is unknown to police **or** to passengers whose connection to the driver is unknown to police.

I also disagree with the majority's analysis regarding the third Althaus factor − the nature of the risk imposed and foreseeability of the harm incurred. The majority states:

> [W]e acknowledge that we found in Lindstrom that it is foreseeable that a fleeing driver may be injured in his attempt to elude an officer. Id. Instantly, because injury to an unknown passenger is not foreseeable, we find that the nature of the risk imposed and the foreseeability of the harm incurred to an unknown passenger weighs against imposing a duty on pursuing officers.

Majority Opinion at 17.

Again, this analysis does not account for the majority's definition of "unknown passenger," which includes passengers whose presence is known to police, but whose relationship to the driver is not. Moreover, having recognized in Lindstrom that it is foreseeable that a fleeing driver may be injured when attempting to evade a police officer, in my view, it is no less foreseeable that any "unknown passengers" in the vehicle, which, under the majority's definition, includes both passengers whose *presence* is unknown or whose *connection to the driver* is unknown, might also be injured during the pursuit. Thus, I conclude the third factor weighs in favor of the imposition of a duty.

Nevertheless, when balancing the third factor against the remaining factors, I agree with the majority's ultimate conclusion that police officers do not owe a duty to an unknown passenger. See, e.g., Seebold v. Prison Health Services, 57 A.3d 1232, 1349 (Pa. 2012) (noting that, in certain instances, this Court has prioritized other policy factors over foreseeability). Indeed, I place great weight on the fourth Althaus factor − the consequences of imposing a duty on the police. As the majority aptly observes:

> Imposing a duty on officers to unknown passengers in a fleeing vehicle would present an unworkable burden on officers, essentially halting police pursuits. The decision to pursue a fleeing vehicle is one that must be made in a matter of seconds. To require officers to not only establish the presence of passengers, but also discover the relationship of the passengers to the fleeing driver, would be unmanageable in the necessarily fast-paced environment of law enforcement. Moreover, officers, fearing the risk of civil liability, would be less likely to initiate pursuit, which would likely encourage criminals to flee.

Majority Opinion at 17-18.

As I agree that a balancing of the Althaus factors does not support the imposition of a duty of care by police to passengers whose presence in a fleeing vehicle, or whose relationship to the driver of the fleeing vehicle, is unknown to police, I find the majority's discussion as to whether the police vehicle camera recording suggests the officers should have been aware of the presence of passengers in the vehicle to be unnecessary. As there was no suggestion the officers knew the relationship of the driver and passenger,[2] I would simply hold that the Commonwealth Court's affirmance of the trial court's grant of summary judgment was proper under the circumstances.

---

[2] While Appellants repeatedly asserted in their Amended Complaint that the decedent was an innocent passenger in the fleeing vehicle, see e.g., Amended Complaint, 12/11/08, at ¶ 8 (decedent "was an innocent rear seat passenger"); id. at ¶ 18 (decedent "was at all relevant times an innocent passenger"), they did not allege that the officer knew or should have known of the relationship between the decedent and the driver.