Gregory WHITE

v.

CITY OF PHILADELPHIA, Police Officer Kevin Devlin, and Police Officer Joseph McCauley, Appellants.

Commonwealth Court of Pennsylvania.

Argued Feb. 10, 2014.
Decided Oct. 16, 2014.

---

Kelly S. Diffily, Assistant City Solicitor, Philadelphia, for appellants.

Martin Stanshine, Philadelphia, for appellee.

BEFORE: BONNIE BRIGANCE LEADBETTER, Judge, and ROBERT SIMPSON, Judge, and P. KEVIN BROBSON, Judge (P).

OPINION BY Judge LEADBETTER.

The City of Philadelphia and Police Officer Kevin Devlin[1] (collectively, Appellants) appeal from an order of the Court of Common Pleas of Philadelphia County, which, following a jury verdict in favor of Gregory White, denied Appellants' motion for post-trial relief. For the reasons set forth below, we affirm.

On November 12, 2008, Officer Devlin was operating an unmarked police vehicle northbound on 60th Street in Philadelphia while on duty. At approximately 1:15 p.m., Officer Devlin observed White walking his bicycle northbound on 60th Street while exchanging pills for money with two unknown individuals. White testified that during the course of the drug transaction, he was looking for marked police vehicles and noticed Officer Devlin's vehicle behind him on 60th Street, but, because the vehicle was unmarked, he was unaware of Officer Devlin's identity. Reproduced Record (R.R.) at 72a. Thereafter, White began to ride his bicycle westbound on Haddington Avenue away from the two alleged buyers. Officer Devlin then turned westbound on Haddington Avenue. White testified that once he realized that a vehicle was following him, he attempted to flee. White testified that the windows of the vehicle following him were up. Officer Devlin testified that he was dressed in a black turtleneck and an outer-vest carrier on which there was an embroidered police badge with his badge number, "Philadelphia Police," and his name in print. *Id.* at 98a–99a. He also testified that his vehicle's front window was not tinted and that when he pulled up alongside White, the driver's side window was rolled down. *Id.* at 99a, 100a, 109a, 112a–13a. While pursuing White, Officer Devlin did not identify himself, nor did he activate any audio or visual sirens, lights, or alerts. According to White's testimony, Officer Devlin drove his vehicle onto the curb as he pursued him, striking the rear tire of his bicycle. *Id.* at 63a. As a result of the impact, White sustained severe injuries to his ankle requiring him to undergo surgery and ongoing treatment.

1. Prior to the trial that was held in this case, the parties stipulated to the dismissal of Police Officer Joseph McCauley as a defendant. Reproduced Record (R.R.) at 43a.

On June 22, 2010, White filed a complaint against Appellants in the trial court, asserting a cause of action in negligence as a result of the November 12, 2008 incident. Following several procedural steps not relevant to this appeal, the trial court conducted a jury trial on the matter. At the close of White's case-in-chief, Appellants moved for involuntary nonsuit on White's negligence claim, asserting that White's action was barred by governmental immunity under Sections 8541 and 8542 of the Judicial Code, 42 Pa.C.S. §§ 8541, 8542.[2] Specifically, Appellants argued that the in-flight exception to the motor vehicle exception provided in Section 8542(b)(1) of the Judicial Code applied to bar White's negligence claim.[3] The trial court denied Appellants' motion, holding that whether White was actually fleeing apprehension was an issue for the jury to decide.

After the trial, the jury returned a verdict in favor of White on his negligence claim and awarded compensatory damages in the amount of $100,000. The jury completed the verdict sheet as follows:

QUESTION # 5. Do you find that the Defendant, Officer Kevin Devlin, was negligent?

---

2. Section 8541 of the Judicial Code, 42 Pa. C.S. § 8541, provides:
   Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.
   Section 8545 of the Judicial Code, 42 Pa. C.S. § 8545, further provides:
   An employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency and subject to the limitations imposed by this subchapter.

3. Section 8542(b)(1) of the Judicial Code, 42 Pa.C.S. § 8542(b)(1), provides:

---

YES ✓ NO ____

. . . .

QUESTION # 6. Do you find that the Defendant, Officer Kevin Devlin's negligence was a factual cause of any harm to the Plaintiff; Gregory White?

YES ✓ NO ____

. . . .

QUESTION # 7. At the time of the incident, did the Plaintiff, Gregory White, know that the Defendant, Officer Kevin Devlin, was a police officer and as a result the Plaintiff was fleeing apprehension?

If you answered Question # 7, "YES", you shall proceed no further and the foreperson should sign and date the verdict sheet and return to the courtroom.

If you answered Question # 7, "NO", proceed to Question # 8.

YES ____ NO ✓

QUESTION # 8. Do you find that the Plaintiff, Gregory White, was negligently operating his bicycle?

YES ____ NO ✓

. . . .

---

(b) Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
(1) Vehicle liability.—The operation of any motor vehicle in the possession or control of the local agency, provided that the local agency shall not be liable to any plaintiff that claims liability under this subsection if the plaintiff was, during the course of the alleged negligence, in flight or fleeing apprehension or resisting arrest by a police officer or knowingly aided a group, one or more of whose members were in flight or fleeing apprehension or resisting arrest by a police officer. As used in this paragraph, "motor vehicle" means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air.

QUESTION # 11. State the amount of damages you award the Plaintiff, Gregory White, as a result of the incident of November 12, 2008, without regard to and without reduction by the percentage of causal negligence, if any, that you have attributed to the Plaintiff.

$100,000.00

R.R. at 16a–18a. Notably, the trial court submitted Question # 7 to the jury over Appellants' objection, which was based on Appellants' argument that there should not be a requirement for the jury to find that White knew that Officer Devlin was a police officer. *Id.* at 94a, 124a.

Following the jury's verdict, Appellants filed a motion for post-trial relief and supporting memorandum of law, which White opposed. Appellants requested, *inter alia,* judgment notwithstanding the verdict (n.o.v.) on White's negligence claim, arguing that the trial court erred in (1) denying the Appellants' motion for compulsory nonsuit on White's claim because Appellants were entitled to immunity and (2) allowing the jury to consider whether White knew Officer Devlin was a police officer as provided in Question # 7. After holding oral argument, the trial court denied the post-trial motion by order dated March 14, 2013. On March 28, 2013, judgment in the amount of $105,135.42 was entered in favor of White and against Appellants.[4] Appellants then appealed to this Court.

On July 29, 2013, pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa. R.A.P. 1925(a), the trial court issued an opinion in support of its order denying Appellants' motion for post-trial relief. In its opinion, the trial court reasoned that it properly denied Appellants' motion for judgment n.o.v. because the credible testimony presented by White supported the jury's verdict against Appellants. *Id.* at 7a. Specifically, the trial court explained that Officer Devlin pursued White in an unmarked vehicle and that, although Officer Devlin was attempting to effectuate an arrest, his failure to identify himself during the pursuit and subsequent collision into White's bicycle was enough evidence to support a finding of negligence. *Id.* The trial court further explained that the evidence was not such that two reasonable minds would disagree on the outcome of the case. *Id.*

The trial court rejected Appellants' argument that it committed an error of law in failing to apply the in-flight exception to the motor vehicle exception to bar White's negligence claim. The trial court, relying on a case dealing with the doctrine of superceding causes, and decided before Section 8542(b)(1) was amended to add the in-flight exception and, importantly, before our Supreme Court's decision in *Lindstrom v. City of Corry,* 563 Pa. 579, 763 A.2d 394 (2000), opined that it interpreted the purpose of the in-flight exception "was to prevent [a plaintiff] who choose[s] to flee the police without regard for his own safety or the safety of others from benefitting from the situation that the plaintiff created." *Id.* at 9a–10a. The trial court further reasoned that because the Judicial Code includes a subsection which allows evidence to be admitted to demonstrate the wrongful conduct committed by the plaintiff,[5] "it follows that a plaintiff en-

---

4. On March 18, 2013, the trial court issued an order directing $5,135.42 in delay damages, which order Appellants do not challenge. R.R. at 29a.

5. *See* 42 Pa.C.S. § 8542(d) (providing that "[w]henever any plaintiff claims liability under subsection (b)(1), evidence is admissible to demonstrate that the plaintiff, at any time during the course of the alleged negligence, was engaged or participating in willful mis-

gaged in wrongful conduct must know they are [sic] fleeing the police in order to receive the benefit of fleeing from the police." *Id.* at 10a. The trial court concluded that, based on these facts, the jury's decision was consistent with the object to be obtained by the in-flight exception, and that it was reasonable for the jury to find that White was not fleeing apprehension. *Id.* The trial court explained that the jury ultimately determined that White was not fleeing apprehension, because he did not know that Officer Devlin was a police officer, and thus concluded that the in-flight exception did not apply.

■ On appeal,[6] Appellants reiterate their argument that the trial court erred in denying their motion for post-trial relief, because they are immune from White's negligence claim. In this case, the dispute between the parties centers on whether, as a matter of law, a plaintiff must *know* that he is fleeing apprehension by a police officer in order for the plaintiff to be considered a "fleeing suspect" or "in flight or fleeing apprehension ... by a police officer" under Section 8542(b)(1) of the Judicial Code. Appellants contend that applicable case law has established that under Section 8542(a), police officers do not have a common law duty of care to fleeing suspects, regardless of whether the fleeing suspect knows he is fleeing from a police officer. Appellants further argue that a plain reading of Section 8542(b)(1) reveals

that there is an absolute statutory bar to recovery in circumstances where a plaintiff flees from police, again, regardless of whether the plaintiff knows he is fleeing from police. Alternatively, Appellants assert that, even if this Court concludes that the statutory language in Section 8542(b)(1) is ambiguous, the principles of statutory construction and relevant case law dictate that a plaintiff's knowledge of his pursuer's identity is irrelevant for purposes of the in-flight exception provided in the Judicial Code.[7] Appellants contend, therefore, that because White was a fleeing suspect at the time of the incident, White's negligence claim fails under both sections.

■ Section 8541 of the Judicial Code provides local government units with a general grant of immunity from tort liability. This grant of immunity, however, is not absolute, as evidenced by the exceptions outlined in Section 8542 of the Judicial Code.[8] Section 8542(a), 42 Pa.C.S. § 8542(a), provides:

(a) **Liability imposed.**—A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

(1) The damages would be recoverable under common law or a statute

---

conduct, including, but not limited to, the illegal possession of controlled substances, firearms or ammunition.").

6. Judgment n.o.v. "may be entered where (1) the moving party is entitled to judgment as a matter of law or (2) the evidence is such that no two reasonable minds could disagree that judgment was due to the moving party." *Cummings v. State Sys. of Higher Educ.,* 860 A.2d 650, 654 n. 8 (Pa.Cmwlth.2004).

7. Appellants also argue, in essence, that the in-flight exception should be interpreted in

line with the case law establishing that police officers do not owe a duty of care to fleeing suspects, as it would be improper to have two different immunity rules for fleeing suspects under the Judicial Code.

8. "Because of the clear intent to insulate government from exposure to tort liability, the exceptions to immunity are to be strictly construed." *Lockwood v. City of Pittsburgh,* 561 Pa. 515, 751 A.2d 1136, 1139 (2000).

creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and

(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, "negligent acts" shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

Section 8542(b) lists eight exceptions under which a local government unit or its employees may be liable for damages as a result of acts that cause injury to persons or property. Thus, a plaintiff must satisfy the two threshold conditions listed in Section 8542(a) prior to an analysis of whether a claim falls within one of the exceptions listed in Section 8542(b). If a plaintiff is able to satisfy these conditions, he must then demonstrate that the alleged negligent act falls within one of the exceptions provided in Section 8542(b).

The Supreme Court of Pennsylvania has held that for purposes of Section 8542(a)(1) of the Judicial Code, a plaintiff cannot establish that damages would be recoverable under common law for the negligent acts of a local agency or its employees if the plaintiff is fleeing police apprehension, because a police officer does not owe a fleeing suspect a duty of care.[9] *Lindstrom*, 763 A.2d at 397.

In *Lindstrom*, the Supreme Court applied the following factors to determine whether police owed a duty of care to fleeing drivers: (1) the relationship between the parties; (2) the social utility of the officer's conduct; (3) the nature of the risk imposed and foreseeability of the harm incurred; (4) the consequences of imposing a duty upon the officer; and (5) the overall public interest in the proposed solution. *Id.* The Supreme Court found that a police officer is the protector of all members of the public, but that "*any duty of protection the officer has is lessened as soon as the driver flees rather than complying with a request to stop.*" *Id.* (Emphasis added). The Supreme Court determined that the second factor weighs against an officer owing a duty of protection because the social utility of an officer's attempt to apprehend a criminal suspect is beyond dispute. *Id.* Third, "*it is foreseeable that drivers who refuse to pull over when alerted to do so may be injured in their attempt to elude an officer.*" *Id.* (Emphasis added). Fourth, the Supreme Court concluded that imposing a duty of protection on officers was burdensome and could prevent the apprehension of dangerous criminals and further encourage flight. Finally, the Supreme Court stated that the public "has a preeminent interest in ensuring that roadways remain safe from dangerous drivers and criminals and that police officers are empowered to enforce the law." *Id.* The Supreme Court concluded that law enforcement officers owe no duty to fleeing motorists.

In *Ferguson v. Commonwealth*, Civ. Action No. 05–280E, 2009 WL 723426, 2009 U.S. Dist. LEXIS 20099 (W.D.Pa. Mar. 13, 2009), the state police pursued a pick-up truck loaded with marijuana plants through a rural area late at night. During the pursuit, the driver pulled over and a passenger exited the vehicle and stood on

---

9. The primary element in any negligence cause of action is "that the defendant owes a duty of care to the plaintiff." *Althaus ex rel.* *Althaus v. Cohen*, 562 Pa. 547, 756 A.2d 1166, 1168 (2000).

the side of the road. The pursuing police car struck the passenger, causing injuries. The passenger filed suit alleging that the police were negligent in the operation of the patrol car. The police sought summary judgment arguing that a duty of protection was not owed to the passenger of a vehicle in flight from the police. The district court granted summary judgment holding that the police did not owe a duty to a passenger of a fleeing vehicle because it would be impossible for an officer to distinguish which occupants of a vehicle are willingly in flight from the police and those who are unwilling participants. *Id.* at \*7, 2009 U.S. Dist. LEXIS 20099 at \*21.

In *Kuniskas v. Commonwealth,* 977 A.2d 602 (Pa.Cmwlth.2009), this Court held that the state police officers do not owe a duty of care to the driver of an all-terrain vehicle (ATV). The plaintiff was illegally operating an ATV on a state road when he was spotted by a state police officer operating a marked police vehicle. The officer attempted to stop the plaintiff, who fled. During the course of the chase, the officer's vehicle struck the ATV several times until the ATV eventually flipped over injuring the plaintiff. Kuniskas argued that he was not a fleeing motorist, but rather was more akin to a pedestrian because he was driving an ATV. This court concluded that the duty analysis turned upon Kuniskas' status as fleeing suspect rather than the particular manner in which his injuries occurred. *Id.* at 606.

In *Sellers v. Township of Abington,* 67 A.3d 863 (Pa.Cmwlth.2013), the decedent was a passenger in a car involved in a high speed chase with police. The driver was fleeing the police because he did not want to be charged with a DUI. At some point during the chase, the decedent asked the driver to pull over, but the driver refused. The car eventually crashed and the decedent was ejected from the vehicle. The

decedent's parents filed suit alleging that the police officers negligently initiated the high-speed chase. The trial court granted summary judgment and this court affirmed. Relying upon *Ferguson,* this court concluded that the police do not owe a duty to passengers in a fleeing vehicle because it would be impossible for an officer to distinguish between passengers who are willingly fleeing the police and passengers who are unwillingly in flight. In reaching this conclusion, the court specifically concentrated only upon what was or could be known to the police officer, just as our Supreme Court did in *Lindstrom.*

Significantly, the analytical framework laid out by the Supreme Court in *Lindstrom,* and followed in *Ferguson, Kuniskas* and *Sellers,* does not in any way take into account the mental state of the person in flight, but instead focuses on the impact of imposing a duty of care on the officer's decision whether or not to give chase and the social utility of his being free to do so when appropriate. Nevertheless, in weighing the factors which led to the conclusion that the officer owed no duty of care, our Supreme Court twice included the assumption that the person fleeing had been requested or otherwise signaled to stop. Therefore, we must conclude that a prerequisite to *Lindstrom's* doctrine that an officer has no duty of care to a fleeing offender is that the officer has first taken some action which would cause a reasonable person to know he is being asked to stop or otherwise realize he is being pursued by police. We emphasize that this is an objective standard, not an inquiry into the subjective thoughts of the fleeing suspect, which the officer cannot possibly know when making a decision whether to give chase.[10]

■ We believe the same limitation applies to the in-flight exception provided in

---

10. Appellants have not argued that a new trial is warranted because the jury was asked to

Section 8542(b)(1), although the question is a closer one. It is true that the General Assembly did not include the word "knowingly" to modify "in flight or fleeing apprehension or resisting arrest" to describe the conduct by a plaintiff which will nullify the motor vehicle exception to local tort immunity. *See Bellmon v. City of Philadelphia,* 895 F.Supp.2d 659 (E.D.Pa.2012). Nonetheless, we believe the purposes underlying this provision of the Judicial Code were the same factors analyzed in *Lindstrom,* and that the legislature presupposed that one could be considered "in flight, or fleeing apprehension" only if he had reasonable cause to know he was being pursued by the police.

For the foregoing reasons, we affirm the judgment of the trial court.

### *ORDER*

AND NOW, this 16th day of October, 2014, the order of the Court of Common Pleas of Philadelphia County is hereby AFFIRMED.

ascertain White's subjective knowledge, so we

cannot consider such a resolution.