NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1392
_____

ANTHONY RAY RIVERA,
Appellant

v.

CITY OF BETHLEHEM; CITY OF BETHLEHEM POLICE DEPARTMENT;
MARK DILUZIO; GLEN WOOLARD;
JOSHUA HOBSON, Individually as well as in their official capacities
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 5-16-cv-05003)
District Judge: Honorable Mark A. Kearney
_____

Argued December 10, 2020
Before: MCKEE, PORTER and FISHER, *Circuit Judges*.

(Filed: April 26, 2021)

Lisa A. Bender  [ARGUED]
Amir C. Tayrani
Gibson Dunn & Crutcher
1050 Connecticut Avenue, N.W.
Washington, DC 20036
    *Counsel for Appellant*

Janelle E. Fulton
David J. MacMain  [ARGUED]
Matthew S. Polaha
The MacMain Law Group
433 West Market Street, Suite 200
West Chester, PA 19382
    *Counsel for Appellee*

———————

OPINION[*]

———————

FISHER, *Circuit Judge*.

Appellant Anthony Rivera was struck by a police SUV after he ran from the scene

of a Bethlehem, Pennsylvania bar. He was severely injured and later sued the SUV's

driver, Officer Joshua Hobson, for negligence. At trial, the parties disputed whether, at

the time of the accident, Rivera was in flight from police. If he was, then Pennsylvania's

"in-flight exception" to local governmental tort liability applied, and Hobson enjoyed

immunity.[1] The District Court instructed the jury that the burden of proving the in-flight

exception was Rivera's. The jury then returned a verdict for Hobson. On appeal, Rivera

argues that the in-flight exception is an affirmative defense, and that Hobson, not he,

properly bore the burden of proof. We assume without deciding that Rivera is correct—

that Pennsylvania law indeed requires the defendant to prove the in-flight exception. We

conclude, however, that on the facts of this case it is "highly probable" the burden-of-

———————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] *White v. City of Phila.*, 102 A.3d 1053, 1059 (Pa. Commw. Ct. 2014) (citing 42 Pa. Cons. Stat. § 8542(b)(1)).

proof instruction "did not contribute to the judgment."[2] Therefore, we will affirm.[3]

Local governments and their employees are generally immune from tort liability under Pennsylvania's Political Subdivision Tort Claims Act.[4] However, Rivera invoked the Act's "[v]ehicle liability" exception to immunity, which permits claims for negligence in the operation of a motor vehicle, "provided that the local agency shall not be liable . . . if the plaintiff was, during the course of the alleged negligence, in flight or fleeing apprehension or resisting arrest by a police officer."[5] The quoted language is known as the "in-flight exception" to the vehicle liability exception.[6] Hobson argued that the in-flight exception barred Rivera's claim because Rivera was in flight at the time of the accident. A plaintiff is in flight "only if he had reasonable cause to know he was being pursued by the police."[7] Police must "first [have] taken some action which would cause a reasonable person to know he is being asked to stop or otherwise realize he is being pursued by police."[8]

At trial, the parties disputed who bore the burden of proving the in-flight exception. Rivera argued that the plain language of the exception creates an affirmative

---

[2] *Komis v. Sec'y of U.S. Dep't of Labor*, 918 F.3d 289, 297 (3d Cir. 2019) (quoting *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 612 (3d Cir. 2011)).

[3] The District Court had jurisdiction under 28 U.S.C. §§ 1331, 1343, 1367. This Court has jurisdiction under 28 U.S.C. § 1291.

[4] 42 Pa. Cons. Stat. §§ 8541, 8543.

[5] *Id.* § 8542(b)(1).

[6] *White*, 102 A.3d at 1059.

[7] *Id.* at 1060.

[8] *Id.* at 1059.

defense, which Pennsylvania law requires the defendant to prove.[9] Hobson, for his part, argued that the in-flight exception is part of the vehicle liability exception to immunity, which must be proved by the plaintiff.[10] After noting that Pennsylvania appellate courts have not yet addressed this issue, the District Court concluded that Rivera bore the burden of proving the vehicle liability exception to immunity, "including proving the in flight exception does not apply to him."[11]

For purposes of this appeal, we assume without deciding that Pennsylvania law in fact puts the onus of proving the in-flight exception on the defendant—here, on Hobson. Rivera is entitled to relief only if: (1) the District Court instructed the jury otherwise; and (2) the instructional error was prejudicial rather than harmless.[12] "In a civil case, an [instructional] error is harmless if 'it is highly probable that the error did not contribute to the judgment.'"[13] We apply this standard by considering the specific facts of the case and assessing, "[b]ased on the full record," whether the instructional error may have misled

---

[9] *See Reott v. Asia Trend, Inc.*, 55 A.3d 1088, 1095 (Pa. 2012) ("By definition, an affirmative defense pertains to 'a defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's . . . claim . . . .'" (quoting Black's Law Dictionary 186 (2d Pocket Ed.) (2001))); *Heath v. Workers' Comp. Appeal Bd. (Pa. Bd. of Prob. & Parole)*, 860 A.2d 25, 30 (Pa. 2004) ("The burden of proving [an] exception rests upon the party interposing it as a defense . . . ." (quoting *Keyes v. New York, O. & W. Ry. Co.*, 108 A. 406, 406 (Pa. 1919))).

[10] *See, e.g.*, *Simko v. County of Allegheny*, 869 A.2d 571, 574 (Pa. Commw. Ct. 2005) ("plaintiff has the burden" to show that an exception to immunity applies).

[11] App. 8.

[12] *See Komis*, 918 F.3d at 297.

[13] *Id.* (quoting *Harvey*, 635 F.3d at 612).

4

the jury or otherwise affected its verdict.[14]

The District Court instructed the jury as follows:

Pennsylvania law has an exception to governmental immunity. In other words, the police officer can be liable under a concept called the vehicle liability exception. . . .

Mr. Rivera has the burden of proving this exception by a preponderance of the evidence.

So under the vehicle liability exception, liability may be imposed on Mr. Hobson in the operation of any motor vehicle in the possession or control of the local agency, provided that the local agency shall not be liable to any plaintiff that claims liability under this subsection, this section of the statute, if the plaintiff was, during the course of the alleged negligence, in flight or fleeing apprehension or resisting arrest by a police officer or knowingly aided a group, one or more [of] whose members were in flight or fleeing apprehension or resisting arrest by a police officer.

Mr. Hobson contends that the vehicle liability exception to governmental immunity is not available here because Mr. Rivera was in flight or fleeing apprehension from Bethlehem Police at the time of the accident.

You must determine whether Mr. Rivera was in flight or fleeing apprehension at the time of the accident.[15]

According to these instructions, Rivera bore the burden of proving the vehicle liability exception to immunity, and "under [that] exception," liability would not be imposed if Rivera was in flight.[16] Putting two and two together, the instructions fairly indicated that Rivera bore the burden of proving he was not in flight. We note, however, that the instructions never said this explicitly. On the contrary, the Court followed its

---

[14] *Id.*
[15] App. 860-61.
[16] App. 861.

5

recitation of the relevant statutory language by observing: "*Mr. Hobson contends* that . . . Mr. Rivera was in flight or fleeing apprehension from Bethlehem Police at the time of the accident."[17] We think it possible, given this sequence, that some jurors supposed their task was to determine whether Hobson had substantiated his contention—in effect, whether Hobson had proved that Rivera was in flight.

Even bracketing that possibility, however, and assuming the jury understood the burden to be Rivera's, three circumstances persuade us "that in this case 'the jury would have reached the same result'" had the burden been clearly assigned to Hobson.[18]

First, as a practical matter both parties needed the jury to favor its position on the in-flight issue, and therefore both had compelling reasons to—and did—present their available evidence on the question whether Rivera was in flight. This is not a case in which the unburdened party attempted to prevail without adducing evidence, as might the defendant in a criminal prosecution. Hobson did not seek his safety in Rivera's purported burden. Instead, he marshaled substantial evidence supporting his contention that Rivera had reasonable cause to know police were in pursuit. For example, he presented videotaped deposition testimony by the bartender and her mother, who was also inside the bar, indicating that Rivera was repeatedly warned that police would be called. Hobson also moved, jointly with Rivera, for the admission of photographs showing: (1) the police

---

[17] App. 861 (emphasis added).
[18] *Komis*, 918 F.3d at 297 (quoting *Murray v. United of Omaha Life Ins. Co.*, 145 F.3d 143, 156-57 (3d Cir. 1998)).

uniform Woolard wore; and (2) the sidewalk, clearly illumined by streetlights, on which Woolard approached. In addition, Hobson elicited testimony from both Woolard and Rivera on cross-examination that tended to favor his position. Rivera, for his part, needed the jury to conclude that Hobson's evidence on the in-flight issue was not sufficient. But Rivera fails to explain how the burden-of-proof instruction affected his advocacy for that conclusion. He fails to identify any additional evidence he would have marshaled, or evidence he did marshal but would have held back, had the jury been instructed that the burden belonged with Hobson.

Second, the evidence was overwhelming that Rivera did in fact have reasonable cause to know police were in pursuit. To be sure, Rivera testified that the sidewalk on which Woolard approached was "pretty dark;"[19] that he never heard Woolard identify himself as police; that nighttime foot patrols in Bethlehem were a rarity; and that once a cruiser drove past, he assumed the police had come and gone. But Rivera also admitted that he was intoxicated and was not wearing his glasses on the night of the accident, despite suffering from poor vision. ("You are blurry from here," he told Hobson's lawyer from the stand. "It's very blurry.").[20] In any case, Rivera's subjective beliefs did not control. What mattered, as the jury charge stated, was whether Rivera had "reasonable cause" to know police were in pursuit—and in particular, whether police took some

___

[19] App. 439.
[20] App. 498.

action "which would cause a reasonable person to know he is being asked to stop or otherwise realize he is being pursued by police."[21]

Here, Woolard did so. The evidence showed that he approached Rivera while wearing his standard patrol uniform, shortly after the bartender informed Rivera that police had been called. Woolard's uniform featured a reflective badge and name plate and a service belt that held his handgun, yellow taser, baton, handcuffs, and pepper spray. The photographic evidence showed that the sidewalk along which Woolard jogged was reasonably well-lit. And Woolard testified that he yelled to Rivera from about sixty yards away: "Stop, Bethlehem Police."[22] As he closed in, Woolard repeated the order to stop. And at about ten yards he said, "Don't move," while shining his flashlight toward Rivera.[23] Against this testimony, and against the photographic evidence, Rivera put only his own word—including his own subjective belief that Woolard was in fact two people charging at him. In sum, the evidence was hardly in a state of equipoise. We therefore see no possibility, on this record, that the jury employed the burden of proof to break a tie. On the preponderance standard that controlled here, the weight of the evidence in Hobson's favor made allocation of the burden a matter of practical indifference.

Third and finally, we are confident the instructional error here was harmless because, whichever party bore the burden of proving the in-flight exception, Rivera had

---

[21] *White*, 102 A.3d at 1059-60.
[22] App. 534.
[23] App. 548.

an independent obligation to prove that he was not in flight. Under the Tort Claims Act, the government is immune unless the plaintiff's damages "would be recoverable under common law."[24] The plaintiff, not the defendant, must prove recoverability at common law—that much, at least, is settled.[25] But here is the rub: "a plaintiff cannot establish that damages would be recoverable under common law . . . if the plaintiff is fleeing police apprehension, because a police officer does not owe a fleeing suspect a duty of care."[26]

Thus, assuming without deciding that the defendant must prove the in-flight exception, the parties here had equal and opposite burdens: Rivera had to prove, for purposes of establishing his damages were recoverable at common law, that he was not in flight; and Hobson had to prove, for purposes of the in-flight exception, that Rivera was in flight. This unique circumstance cements our conviction that Rivera suffered no prejudice here. If the burden-of-proof instructions given at trial were incorrect, they were incorrect only because they were incomplete—not because they required Rivera to prove additional facts he was otherwise free to leave unaddressed.

Rivera resists this conclusion. He argues the instructional error was not harmless, relying on two cases in which we stated that an "[i]ncorrect jury instruction as to the

---

[24] 42 Pa. Cons. Stat. § 8542(a)(1).

[25] *See, e.g.*, *Sobat v. Borough of Midland*, 141 A.3d 618, 623 (Pa. Commw. Ct. 2016) ("plaintiff must prove"); *Balletta v. Spadoni*, 47 A.3d 183, 195 (Pa. Commw. Ct. 2012) ("plaintiff bears the burden"); *Simko*, 869 A.2d at 574 ("plaintiff has the burden").

[26] *White*, 102 A.3d at 1058 (citing *Lindstrom v. City of Corry*, 763 A.2d 394, 397 (Pa. 2000)).

burden of proof 'is "fundamental and highly prejudicial" and requires a new trial.'"[27]

However, neither of these precedents held that erroneous burden-of-proof instructions are

prejudicial per se, and neither controls this case.

In *Batka v. Liberty Mutual*, the jury instructions and verdict form misstated the

applicable standard of proof, announcing a preponderance standard when applicable law

required the defendant to prove its defense by clear and convincing evidence.[28] We

reversed the verdict in the defendant's favor and remanded for a new trial.[29] But we do

not think *Batka* means what Rivera seems to suppose—that errant instructions regarding

the burden of proof are always or automatically prejudicial. We never purported to

establish a per se rule in *Batka*. Nor have we applied one.[30] Moreover, *Batka* is

distinguishable on the facts. There, decreasing the standard of proof plausibly gave the

jury an illicit shortcut to its finding for the defendant. But in this case, the District Court

correctly stated the applicable standard of proof, and its instructions allocating the burden

to Rivera did not conceivably affect the verdict.

The other precedent Rivera cites is likewise unavailing. *Waldorf v. Shuta* more

closely resembles the present case, at least when viewed at 10,000 feet: it involved a

---

[27] *Waldorf v. Shuta*, 896 F.2d 723, 730 (3d Cir. 1990) (quoting *Batka v. Liberty Mut. Fire Ins. Co.*, 704 F.2d 684, 690 (3d Cir. 1983)).
[28] 704 F.2d at 685-87.
[29] *Id.* at 690.
[30] *See, e.g.*, *Murray*, 145 F.3d at 156-57 (reviewing for harmless error a jury instruction that misstated how the plaintiff could satisfy his burden of proof, and concluding the error was harmless).

10

misallocated burden of proof on an issue governed by a preponderance of the evidence standard.[31] But a closer look shows that *Waldorf* too is distinguishable. There, the plaintiff suffered catastrophic injuries because of a malfunctioning traffic light and sued the responsible borough under the New Jersey Tort Claims Act. That statute provides that the government is liable for injury caused by property "in a dangerous condition," but only if the government's response to the dangerous condition was "palpably unreasonable."[32] The plaintiff argued that the borough's response was palpably unreasonable because it did not "equip police with portable emergency signaling devices," which could have been used in lieu of the malfunctioning traffic light.[33] Under New Jersey law, the plaintiff bore the burden of proving palpable unreasonableness. But the District Court's jury instructions seemed instead to place the burden on the borough. "[W]ith some reluctance," we vacated and remanded for a new trial.[34] We "consider[ed] it quite possible that the jury was misled," although we emphasized this was a "close[] question."[35] In the end, we cited *Batka* and treated the palpable unreasonableness instruction as having prejudiced the borough.

*Waldorf* does not dictate our assessment of harmless error under the very different circumstances of this case. In *Waldorf*, the jury had to make an evaluative judgment

---

[31] 896 F.2d at 732-33.
[32] *Id.* at 728-29 (quoting N.J. Stat. Ann. § 59:4-2).
[33] *Id.* at 728.
[34] *Id.* at 733.
[35] *Id.* at 732-33.

11

about the borough's conduct, akin to a judgment of fault: it had to decide whether the failure to provide portable signaling devices was palpably unreasonable. The evidence on that question was not overwhelming.[36] And the borough had no independent obligation, under any other provision of law, to prove that its failure to provide the devices was *not* palpably unreasonable. Here, by contrast, the in-flight issue required the jury to make a finding of fact. It had to decide whether police took some action "which would cause a reasonable person to know he is being asked to stop or otherwise realize he is being pursued by police."[37] The evidence on that question was overwhelming, as we have described. And Rivera had an independent obligation, as part of his burden to show his damages were recoverable under common law, to prove that he was not in flight. All of these circumstances distinguish the present case from *Waldorf* and persuade us that the erroneous instruction here did not contribute to the judgment.[38]

For these reasons, we will affirm.[39]

---

[36] *See id.* at 733 (noting that prejudice was a "close[] question").

[37] *White*, 102 A.3d at 1059.

[38] We decline to reach Rivera's separate argument concerning negligence per se. He contends that the District Court erred by denying him partial summary judgment on the duty and breach elements of his negligence claim. According to Rivera, those elements were established when Hobson drove the wrong way without activating his overhead lights or siren, in violation of 75 Pa. Cons. Stat. § 3105(c). However, Rivera requests relief only if we remand for a new trial based on the burden-of-proof instruction. Because we decline to do so, and because the jury resolved this case without reaching negligence, we need not address Rivera's negligence per se issue.

[39] The panel wishes to thank appellant's counsel for appearing pro bono and for their excellent advocacy on behalf of their client.

12