IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Matthew P. Dec,                              :
                  Appellant    :
                             :
        v.                               :
                             :    No. 271 C.D. 2015
Butler, PA. Clerk of Courts          :    Submitted: June 5, 2015

BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
                HONORABLE MARY HANNAH LEAVITT, Judge
                HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE McGINLEY                  FILED:  August 6, 2015

Matthew P. Dec (Dec) appeals the order of the Court of Common Pleas of Butler County (common pleas court) that sustained the preliminary objections of the Clerk of Courts of Butler County (Clerk) and dismissed Dec's amended complaint.

On February 25, 2014, Dec commenced an action in the common pleas court and alleged that three criminal convictions he received were void because there was no colloquy concerning his waiver of his right to counsel in two of the cases and an inadequate colloquy in the third case. Dec sought declaratory relief from fines and costs as well as the removal of the convictions from his record.

On April 22, 2014, the Clerk preliminarily objected in the form of a demurrer, and averred a lack of jurisdiction, and the failure of a pleading to conform to law or rule.

On May 21, 2014, Dec filed an amended complaint "as a Private Attorney General for Violations Against the Universal Law of Void Judgments as Codified by the United States Supreme Court against Citizens of this State." Amended Complaint, May 21, 2014, (Amended Complaint) at 1. Dec alleged that in each of the three listed criminal cases for which he was convicted, the trial court failed to give a "proper Waiver of Attorney on the record for which cause each of these cases are void judgments." Amended Complaint, Paragraph No. 1 at 1. Dec demanded that the Clerk produce a proper and constitutional waiver of his right to counsel or enter "summary judgment in his favor for the quashing of the void judgments on his record." Amended Complaint, Paragraph No. 3 at 2.

On May 22, 2014, the Clerk preliminarily objected to the Amended Complaint. In the first preliminary objection, a demurrer to the Amended Complaint, the Clerk alleged:

> 1. Plaintiff [Dec] has filed a Complaint that in essence seeks to change three (3) criminal convictions; those being (1) CP-10-CR-1198-2005, (2) CP-10-CR-1320-2007, and (3) CP-10-CR-42-2006 (appealed at 1508 WDA 2012).
>
> 2. For each of the three (3) criminal cases, Plaintiff [Dec] is collaterally attacking the judgment of sentence on constitutional grounds and seeks to have his convictions declared void or overturned by a civil court.
>
> 3. What Plaintiff [Dec] is seeking is post-conviction collateral relief.
>
> 4. Post-conviction relief is governed by the Pennsylvania Post-Conviction Relief Act, 42 Pa.C.S. . . §§9541-9546 and the Pennsylvania Rules of Criminal Procedure No. [sic] 900-910.

2

5. Under Pennsylvania law, a petition for post-conviction relief must be filed within one (1) year of the date the judgment becomes final. 42 Pa.C.S. . . §9545(a).

6. In the case of CP-10-CR-1198-2005, Plaintiff's [Dec] criminal judgment became final on December 11, 2008.

7. In the case of CP-10-CR-1320-2007, Plaintiff's [Dec] criminal judgment became final on February 5, 2009, and the Superior Court denied Plaintiff's [Dec] appeal on March 7, 2014 (at 1903 WDA 2013).

8. In the case of CP-10-CR-42-2006, Plaintiff's [Dec] criminal judgment became final on October 16, 2013, when the Pennsylvania Superior Court denied Plaintiff's [Dec] request for post-conviction relief.

9. It is clear that not only does this Court lack jurisdiction because either the statute of limitations has expired, or only the sentencing Court has jurisdiction over the issues raised by Plaintiff [Dec] in his Complaint.

10. Therefore, to the extent that Plaintiff [Dec] has already raised the same issues in his Petition for Post-Conviction Relief, the decisions of the criminal court bar the re-litigation of the same issues under the doctrine of res judicata.

Defendant's Preliminary Objections to Plaintiff's Amended Complaint, May 22, 2014, Paragraph Nos. 1-10 at 1-2.

In the second preliminary objection, the Clerk asserted that only the criminal court that had imposed the sentences on Dec had the authority to review the sentence it imposed and grant the relief that Dec sought. The Clerk requested that the Amended Complaint be dismissed with prejudice.

3

In the third preliminary objection, the Clerk asserted that Dec failed to execute a verification, failed to properly divide the pleading into paragraphs, and failed to set forth facts which supported a cause of action in a concise and summary form in compliance with Pa.R.C.P. No. 1019(a).

On September 11, 2014, the common pleas court heard oral argument on the preliminary objections. The Clerk argued that the amended complaint was devoid of facts and that Dec was attempting to collaterally challenge his three criminal convictions. The Clerk also argued that the wrong party was named as the Clerk lacked the authority to accommodate if the relief was granted. Notes of Testimony, September 11, 2014, (N.T.) at 2-3.

Dec argued that because he did not have an attorney and did not waive his right to an attorney, his convictions were null and void. N.T. at 5. He admitted that he was "going back to the convictions" and admitted that the Clerk could do nothing. N.T. at 6. He further admitted that he was attacking the criminal convictions because they were void. N.T. at 6.

By order dated September 11, 2014, the common pleas court sustained all three preliminary objections and dismissed the Amended Complaint with prejudice.

Dec raises[1] five issues for this Court's review:

---

[1] This Court's review is limited to determining whether on the facts alleged the law states with certainty that no recovery is possible. Hawks v. Hawks v. Livermore, 629 A.2d 270, **(Footnote continued on next page…)**

4

A- If a malicious individual Tampered with Public Records two days from now and placed this Court on record as 'Megan's Law' offenders convicted 8 years ago, can the 'one year jurisdictional time bar of the PCRA in any way make valid the obvious void judgment because this court 'was no longer serving a sentence'?

B-Second, would the Civil Rights victim of illegal violations of the Supreme Law of the Land's Fifth, Sixth, Eighth, and Fourteenth Amendments belong in Appellate or Civil Court proceedings?

C-If a Void Judgment is discovered and made manifest at any time in any kind of case, is it to be vacated, or is the Court to say, 'Too bad for you-hoo. . . ?'

D-If this Court vacated a man's sentence, and the lower court re-sentenced without even a trial on NEW CHARGES the man on a lower grading of the original charges in Violation of Double Jeopardy . . . would the conviction now be valid because the Superior Court denied hearing 'Per Curiam' and the PCRA's one year is up? . . . .

E- If the lower courts sentenced a man without an attorney, without waiving his Right thereto in violation of Pa. Crim. Rule 121, AND never had given a proper plea colloquy in violation of Code established Due Process, AND convicted him of a crime that by elements he was never guilty of by higher court's precedence; and upon learning thereof, he is beyond the 'PCRA Jurisdictional Validation of Void Judgment's' one year time bar; is he now without relief? The PCRA having trumped the very Federal and State Constitutions themselves? . . . . (Citations omitted. Emphasis in original.)

---

**(continued…)**

271 n.3 (Pa. Cmwlth. 1993). This Court must accept as true all well pled allegations and material facts averred in the complaint as well as inferences reasonably deducible therefrom and any doubt should be resolved in favor of overruling the demurrer. Id.

Dec's Brief at 3-4.

Essentially, Dec argues that the three convictions are void because he did not have counsel, did not waive his right to counsel, and/or was denied his right to counsel.  He also argues that he has an unlimited time from the time of his conviction to raise these issues.

The Honorable S. Michael Yeager ably disposed of this controversy in his comprehensive opinion.  Therefore, this Court shall affirm on the basis of that opinion. <u>Matthew P. Dec v. Butler, Pennsylvania, Clerk of Courts</u>, Court of Common Pleas of Butler County, A.D. No. 14-10197, (filed November 14, 2014).

Accordingly, this Court affirms.

_____
BERNARD L. McGINLEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Matthew P. Dec,                          :
                 Appellant    :
                              :
         v.                         :
                              :  No. 271 C.D. 2015
Butler, PA. Clerk of Courts           :

## **O R D E R**

AND NOW, this 6th day of August, 2015, the order of the Court of Common Pleas of Butler County in the above-captioned matter is affirmed.

_____
BERNARD L. McGINLEY, Judge

IN THE COURT OF COMMON PLEAS OF BUTLER COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW P. DEC, | : | CIVIL DIVISION |
| | : | A.D. No. 14-10197 |
| Plaintiff, | : | |
| vs. | : | |
| | : | |
| BUTLER, PENNSYLVANIA, | : | |
| CLERK OF COURTS, | : | |
| | : | |
| Defendant. | : | |

Plaintiff, Matthew P. Dec: Self-Represented Litigant
Attorney for Defendant: Leo M. Stepanian, II, Esquire

Yeager, J.                                                                November 14, 2014

## RULE 1925(a) OPINION

The Plaintiff, Matthew P. Dec (hereinafter "Plaintiff" or "Mr. Dec"), appeals from the Status Conference Order [sic] under date of September 11, 2014, which was issued following argument on the Defendant's, Butler, Pennsylvania, Clerk of Courts, Preliminary Objections to Plaintiff's Amended Complaint, and dismissed the Plaintiff's Amended Complaint with prejudice. *See* Plaintiff's Notice of Appeal under date of October 7, 2014, and the Status Conference Order [sic] under date of September 11, 2014.

The facts and history of the instant matter are as follows. On or about February 25, 2014, Plaintiff filed a Complaint for Declaratory Judgment, seeking to overturn his convictions on three (3) separate criminal cases. The first case, which is docketed in the Office of the Clerk of Courts of Butler County, Pennsylvania, at CP-10-CR-1198-2005, involved a charge of driving under the influence, for which Mr. Dec was sentenced on or

about May 24, 2007. The second case, which is docketed at CP-10-CR-0042-2006, involved a charge of disorderly conduct, for which Mr. Dec was sentenced on or about June 6, 2007. The third case at issue in Plaintiff's Complaint for Declaratory Judgment, which is docketed at CP-10-CR-1320-2007, involved a second charge of driving under the influence, for which Mr. Dec was charged on or about August 27, 2007. In his Complaint for Declaratory Judgment, Mr. Dec alleges that he was denied the right to counsel during his criminal proceedings, and therefore, that the aforementioned convictions are void.

On or about April 22, 2014, the Defendant, Butler, Pennsylvania, Clerk of Courts (hereinafter "Defendant" or "Clerk of Courts"), filed Preliminary Objections to Plaintiff's Complaint. In response thereto, on or about May 21, 2014, the Plaintiff filed an Amended Complaint as a Private Attorney General for Violations against the Universal Law of Void Judgments as Codified by the United States Supreme Court against Citizens of this State, where again Plaintiff alleges that he was denied the right to counsel during his criminal proceedings, and therefore, that the three (3) aforementioned convictions are void. Thereafter, on or about May 22, 2014, Defendant's Preliminary Objections to Plaintiff's Amended Complaint were filed. Argument on the Defendant's Preliminary Objections was held on September 11, 2014. The undersigned sustained all of Defendant's Preliminary Objections, thereby dismissing with prejudice Plaintiff's Amended Complaint as a Private Attorney General for Violations against the Universal Law of Void Judgments as Codified by the United States Supreme Court against Citizens of this State (hereinafter "Amended Complaint").

Owing to the decision issued by this Court on or about September 11, 2014, to sustain the Defendant's Preliminary Objections to Plaintiff's Amended Complaint and dismiss the Plaintiff's Amended Complaint with prejudice, on or about October 7, 2014, the Plaintiff filed a timely Notice of Appeal with the Office of the Prothonotary of Butler County,

2

Pennsylvania. Upon receipt of said Notice of Appeal, on or about October 8, 2014, in accordance with Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, this Court entered an Order of Court wherein the Plaintiff was directed to file of record and serve upon the undersigned trial judge a Concise Statement of the Matters Complained of on Appeal no later than twenty-one (21) days from the date of the Order of Court.

On or about October 14, 2014, the Plaintiff's Concise Statement of Errors in accordance unto Rule 25 (b) [sic] was filed with the Prothonotary's Office of Butler County, Pennsylvania, although it was not served upon the undersigned as directed by the Order of Court under date of October 8, 2014. The Plaintiff therein avers that this Honorable Court abused its discretion and/or erred as a matter of law with regard to the following:

1- Trial court did err in not understanding the nature of a void judgment.

2- The trial court did err in its inability to comprehend that a Plaintiff challenging the "untimely" clause of the PCRA is in fact presenting a civil Constitutional challenge unto an unconstitutional practice which "flies in the face" of the Law of Void Judgments which places him in the position of being what is termed "a Private Attorney General."

3- Trial court did err in its lack of understanding that a void judgment can be attacked in any court, at any time, and MUST be vacated upon discovery.

4- In violation of multiple Federal and State Supreme Court precedence set, lower trial court did seek to follow its own practiced ideology of attempting to transform a Constitutional challenge of interpretation of law into a "criminal appeal."

5- Trial court did violate the rule of void judgments established by Pa. Supreme and Superior Court doctrines rendering "untimeliness" moot when dealing with judgments void ab nitio [sic]. See M & P MANAGEMENT, L.P., Appellee, v. Michael D. WILLIAMS [sic]

6- Trial court failed to provide Plaintiff with even one established doctrine of precedence for its decision.

7- Trial court is attempting to nullify the Fifth and Fourteenth Amendments of the United States Constitution into "privileges" trumped by interpretation of State law.

The Court considers the errors consecutively as listed:

1- Trial court did err in not understanding the nature of a void judgment.

3

The first matter that the Plaintiff raises on appeal is the statement of an alleged fact to which no response is deemed necessary.

2- The trial court did err in its inability to comprehend that a Plaintiff challenging the "untimely" clause of the PCRA is in fact presenting a civil Constitutional challenge unto an unconstitutional practice which "flies in the face" of the Law of Void Judgments which places him in the position of being what is termed "a Private Attorney General."

The second matter that the Plaintiff raises on appeal is the statement of an alleged fact to which no response is deemed necessary.

3- Trial court did err in its lack of understanding that a void judgment can be attacked in any court, at any time, and MUST be vacated upon discovery.

Contrary to Plaintiff's assertion that the undersigned trial court judge lacks understanding of the rule of void judgments, this Court is well aware that "a void judgment arises when the court lacks subject matter jurisdiction, and a judgment from a court that lacks jurisdiction cannot be made valid through the passage of time." *M & P Management v. Williams*, 937 A.2d 398, 594 Pa. 489, 490-491 (2007). Regardless of the length of time that has passed since the entry of a judgment void upon its face, a void judgment may be stricken upon application. *In re Galli's Estate*, 340 Pa. 561, 17 A.2d 899 (1941); *Williams v. Wade*, 704 A.2d 132 (Pa. Super. Ct. 1997); *Centennial Bank v. Germantown-Stevens Academy*, 277 Pa. Super. 134, 419 A.2d 698 (1980); *Samango v. Hobbs*, 167 Pa. Super. 399, 75 A.2d 17 (1950).

Although Mr. Dec argues the rule of void judgments on appeal, in his Amended Complaint, the Plaintiff alleges that he was denied the right to counsel during his criminal proceedings, and therefore, that the three (3) above-referenced convictions from 2007 are

4

void. Upon review of the Amended Complaint, it is clear that Plaintiff is collaterally attacking the three (3) respective judgments of sentence on constitutional grounds, and seeking to have his criminal convictions declared void or overturned by a civil court. Regardless of the terminology used, Mr. Dec is pursuing post-conviction collateral relief.

Post-conviction collateral relief is governed by the Pennsylvania Post-Conviction Relief Act, *42 Pa. C.S.A. §§ 9541-9546*, and Rules Numbered 900 through 910, respectively, of the *Pennsylvania Rules of Criminal Procedure*. Pursuant to Pennsylvania law, a Petition for Post-Conviction Relief is required to be filed within one (1) year of the date the judgment becomes final. *42 Pa. C.S.A. § 9545(a)*.

Plaintiff previously filed Motions for Post-Conviction Relief in the 2005 case at issue, which is docketed at CP-10-CR-1198-2005, as well as in the 2006 case, which is docketed at CP-10-CR-0042-2006, and in both cases, the trial court dismissed the Motions as being untimely. In the 2007 case, which is docketed at CP-10-CR-1320-2007, the Plaintiff filed an appeal to his conviction, and the Superior Court of Pennsylvania quashed said appeal as being untimely filed.

By filing this action, Mr. Dec was attempting to have his convictions nullified; however, this Court lacks jurisdiction both because the limitation period for challenging his convictions has expired, and as all three (3) actions from which the Plaintiff seeks relief are criminal matters that have gone to sentencing, and therefore, only the criminal court that imposed the respective sentences has the authority to review the sentences at the Common Pleas level and grant the requested relief.

4- In violation of multiple Federal and State Supreme Court precedence set, lower trial court did seek to follow its own practiced ideology of attempting to transform a Constitutional challenge of interpretation of law into a "criminal appeal."

5

The fourth matter that the Plaintiff raises on appeal is the statement of an alleged fact to which no response is deemed necessary.

5- Trial court did violate the rule of void judgments established by Pa. Supreme and Superior Court doctrines rendering "untimeliness" moot when dealing with judgments void ab nitio [sic]. See M & P MANAGEMENT, L.P., Appellee, v. Michael D. WILLIAMS [sic]

As stated in response to the third matter raised by Plaintiff on appeal, this Court is well aware that "a void judgment arises when the court lacks subject matter jurisdiction, and a judgment from a court that lacks jurisdiction cannot be made valid through the passage of time." *M & P Management v. Williams*, 937 A.2d 398, 594 Pa. 489, 490-491 (2007). Regardless of the length of time that has passed since the entry of a judgment void upon its face, a void judgment may be stricken upon application. *In re Galli's Estate*, 340 Pa. 561, 17 A.2d 899 (1941); *Williams v. Wade*, 704 A.2d 132 (Pa. Super. Ct. 1997); *Centennial Bank v. Germantown-Stevens Academy*, 277 Pa. Super. 134, 419 A.2d 698 (1980); *Samango v. Hobbs*, 167 Pa. Super. 399, 75 A.2d 17 (1950).

Although Mr. Dec argues the rule of void judgments on appeal, in his Amended Complaint, the Plaintiff alleges that he was denied the right to counsel during his criminal proceedings, and therefore, that the three (3) above-referenced convictions from 2007 are void. Upon review of the Amended Complaint, it is clear that Plaintiff is collaterally attacking the three (3) respective judgments of sentence on constitutional grounds, and seeking to have his criminal convictions declared void or overturned by a civil court. Regardless of the terminology used, Mr. Dec is pursuing post-conviction collateral relief.

Post-conviction collateral relief is governed by the Pennsylvania Post-Conviction Relief Act, *42 Pa. C.S.A. §§ 9541-9546*, and Rules Numbered 900 through 910, respectively, of the *Pennsylvania Rules of Criminal Procedure*. Pursuant to Pennsylvania law, a Petition

6

for Post-Conviction Relief is required to be filed within one (1) year of the date the judgment becomes final. *42 Pa. C.S.A. § 9545(a)*.

Plaintiff previously filed Motions for Post-Conviction Relief in the 2005 case at issue, which is docketed at CP-10-CR-1198-2005, as well as in the 2006 case, which is docketed at CP-10-CR-0042-2006, and in both cases, the trial court dismissed the Motions as being untimely. In the 2007 case, which is docketed at CP-10-CR-1320-2007, the Plaintiff filed an appeal to his conviction, and the Superior Court of Pennsylvania quashed said appeal as being untimely filed.

By filing this action, Mr. Dec was attempting to have his convictions nullified; however, this Court lacks jurisdiction both because the limitation period for challenging his convictions has expired, and as all three (3) actions from which the Plaintiff seeks relief are criminal matters that have gone to sentencing, and therefore, only the criminal court that imposed the respective sentences has the authority to review the sentences at the Common Pleas level and grant the requested relief.

6- Trial court failed to provide Plaintiff with even one established doctrine of precedence for its decision.

As stated in the Status Conference Order [sic] under date of September 11, 2014, wherein the undersigned sustained all of Defendant's Preliminary Objections to Plaintiff's Amended Complaint, and dismissed Plaintiff's Amended Complaint with prejudice, the decision to do so was made after giving due consideration to Defendant's Preliminary Objections to Plaintiff's Amended Complaint, Defendant's Brief in Support of Defendant's Preliminary Objections to Plaintiff's Amended Complaint, Brief in Support of Plaintiff's Federal Rule 60 (B) (4) Void Judgment Relief, and oral argument thereon. Thus, the decision

7

entered by the undersigned trial court judge was based on the legal arguments and precedent set forth by the respective parties.

7- Trial court is attempting to nullify the Fifth and Fourteenth Amendments of the United States Constitution into "privileges" trumped by interpretation of State law.

The seventh matter that the Plaintiff raises on appeal is the statement of an alleged fact to which no response is deemed necessary.

As there has been no abuse of discretion and/or error of law in the Court's decision, the Plaintiff's appeal should be dismissed.

Respectfully Submitted,

S. Michael Yeager
Judge

8