# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Harold Johnson, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 106 C.D. 2015 |
| | : | Argued: October 6, 2015 |
| Ridley Township and John Doe | : | |
| Ridley Township Police Officers | : | |
| 1-5 and Donald A. Downes and | : | |
| Rasheena Bradley and Thomas Rafferty | : | |
| and Ridley Park Borough and Officer | : | |
| Robert Quinlan | : | |

BEFORE:   HONORABLE DAN PELLEGRINI, President Judge
               HONORABLE ROBERT SIMPSON, Judge
               HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

<u>OPINION NOT REPORTED</u>

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**           **FILED: November 18, 2015**

## I. Introduction

Appellant Harold Johnson (Plaintiff) seeks review of an order of the Court of Common Pleas of Delaware County (trial court)[1] that granted a motion for summary judgment on behalf of Appellees Ridley Park Borough (Borough) and Borough Police Officer Robert Quinlan (Borough Officer) (collectively, Borough Defendants),[2] and dismissed, with prejudice, Plaintiff's second amended complaint as to them. Plaintiff sustained injuries in March 2010, when struck by a fleeing

---

[1] The Honorable Charles B. Burr, II, presided.

[2] On appeal, Appellees Ridley Township and Donald A. Downes filed notices of non-participation. By order dated July 24, 2015, this Court precluded Appellee Rasheena Bradley from filing a brief or participating in oral argument.

suspect's vehicle in a police chase.  In granting judgment for Borough Defendants, the trial court determined the applicable statute of limitations barred Plaintiff's second amended complaint against them because Plaintiff filed it more than two years after the date of his injuries.  The trial court also determined the discovery rule did not apply to toll the statute of limitations because Plaintiff failed to exercise reasonable diligence in ascertaining the proper parties against whom to bring suit.  The trial court further determined Plaintiff waived all issues on appeal by failing to serve the trial court with a copy of his Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement of Errors Complained of on Appeal as explicitly required by the trial court's February 2, 2015 order.

On appeal, Plaintiff contends the trial court, in finding the discovery rule inapplicable in this case, usurped the jury's fact-finder role by making factual and credibility determinations.  Further, Plaintiff asserts the trial court erred in determining he waived all issues on appeal for failure to timely serve the trial judge with a copy of his Rule 1925(b) Statement.

## II. Background
## A. Vehicle Pursuit; Collision

On March 8, 2010, Plaintiff sustained severe injuries when Thomas Rafferty (Suspect), a driver of a vehicle pursued by police, struck Plaintiff's vehicle at the intersection of Morton Avenue and Johnson Street in the City of Chester, Delaware County.  The chase began when Gerard Scanlan, a Ridley Township police officer (Township Officer) observed a man and woman fighting in a car in a shopping center parking lot.  Township Officer directed the female

2

passenger, Kim Caruso (Suspect Passenger), to exit the vehicle. Suspect Passenger exited the vehicle.

Suspicious of drug activity, Township Officer requested that Suspect, the driver, show his hands. However, Suspect refused and reached for an object under the seat. Township Officer then drew his gun. Next, Suspect drove directly at Township Officer, striking the left side of his body. Suspect fled at a high rate of speed through the shopping center and eventually made a right turn onto Chester Pike in the direction of the City of Chester. At that point, Township Officer radioed in the description of Suspect's vehicle.

Upon hearing the dispatch, Borough Officer assisted in the pursuit. Borough Officer passed Township Officer's SUV and proceeded behind Suspect for a short-time before trying to pass and get in front of him. However, Suspect swerved toward Borough Officer, who backed off and slowed down.

As a result, Borough Officer fell back and did not see the accident happen. Nonetheless, Suspect continued down Chester Pike, which became Morton Avenue, at an extremely high rate of speed. Suspect entered oncoming traffic on Morton Avenue and struck Plaintiff's vehicle head-on while he was stopped at the Johnson Street intersection. Suspect later died as a result of the accident.

Suspect's collision with Plaintiff's vehicle knocked it 67 feet backward into Defendant Rasheena Bradley's parked vehicle. Plaintiff testified the

3

crash knocked him unconscious. When he woke up, a police officer pulled him out of the passenger side window. See Dep. of Harold Johnson, 3/28/14 (Johnson Dep.), at 24-25. Plaintiff could not recall the officer's municipality or uniform. Johnson Dep. at 25. Plaintiff sustained injuries in the crash including blunt trauma to the chest and abdomen. Plaintiff also sustained injuries to both feet. Thereafter, Plaintiff underwent several surgeries requiring the installation of plates in his right foot. Johnson Dep. at 29.

## B. Plaintiff's Negligence Action

On March 6, 2012, several days prior to the expiration of the two-year limitations period in 42 Pa. C.S. §5524(2), Plaintiff initiated this case by writ of summons.

Plaintiff filed a complaint in June 2012 and an amended complaint in July 2012. Plaintiff initially named Suspect, Donald Downes, owner of the car driven by Suspect, Rasheena Bradley, whose vehicle Plaintiff's vehicle struck during the collision, Ridley Township (Township), and two City of Chester police officers. In October 2012, the trial court sustained preliminary objections filed by the Chester police officers and removed their names from the caption.

## C. Second Amended Complaint

Thereafter, the trial court granted Plaintiff leave to file a second amended complaint naming Borough Defendants. In July 2013, Plaintiff filed his second amended complaint. He served it on Borough Defendants in late August 2013, more than three years and five months after the police pursuit and accident.

4

In Count I, Plaintiff averred Defendants Ridley Township and Ridley Park Borough violated 75 Pa. C.S. §6342 (written pursuit policies required) by failing to create and implement a written training policy with respect to when a police officer should initiate, continue, and terminate, a motor vehicle pursuit. As a result, the Township and Borough created a danger that deprived Plaintiff of his substantive due process rights in violation of 42 U.S.C. §1983 and the Fourteenth Amendment. In Count II, Plaintiff averred Township and Borough Police Officers, under color of state law, acted recklessly during the pursuit in violation of Plaintiff's substantive due process rights, 42 U.S.C. §1983 and the Fourteenth Amendment. In Count III, Plaintiff set forth a negligence claim against non-governmental Defendants Downes, Suspect and Bradley. In Count IV, Plaintiff again averred Defendants Township and Borough failed to create and implement a training policy with respect to when a police officer should initiate, continue, and terminate, a motor vehicle pursuit. As a result, the Township and Borough created a danger that deprived Plaintiff of his substantive due process rights in violation of 42 U.S.C. §1983 and the Fourteenth Amendment.

### D. Borough Defendants' Motion for Summary Judgment
### 1. Two-Year Statute of Limitations

In July 2014, following the close of the pleadings and discovery, Borough Defendants filed a motion for summary judgment. Defendants asserted the two-year statute of limitations for negligence actions in 42 Pa. C.S. §5524(2) barred Plaintiff's claims based on the March 2010 crash. To that end, Defendants maintained, the statute of limitations for a claim under 42 U.S.C. §1983 is the forum state's statute of limitations for personal injury. Sameric Corp. v. City of

<u>Phila.</u>, 142 F.3d 582 (3d Cir. 1998). Thus, Borough Defendants argued Plaintiff's Section 1983 claims in Counts I, II and IV of Plaintiff's second amended complaint were time-barred.

### 2. Discovery Rule

Borough Defendants further averred the discovery rule, an exception to the traditional running of the statute of limitations, was inapplicable here. The purpose of the discovery rule is to exclude from the running of the statute of limitations the period of time during which a plaintiff, who did not suffer an immediately ascertainable injury, is reasonably unaware of his injury and what caused it. <u>Fine v. Checcio</u>, 870 A.2d 850 (Pa. 2005).

When a court is presented with the assertion that the discovery rule applies, it must address the ability of the injured party, exercising reasonable diligence, to ascertain that he was injured and by what cause. <u>Id.</u> Because this question involves a factual determination as to whether a party was able, in the exercise of reasonable diligence, to know of his injury and its cause, it is ordinarily a matter for the jury to decide. <u>Id.</u> However, where reasonable minds would not differ in finding that a party knew or should have known of his injury and its cause, the court may, on its own, determine the discovery rule did not apply as a matter of law. <u>Id.</u>

### 3. Fraudulent Concealment

In addition to the discovery rule, the Supreme Court in <u>Fine</u> noted that the doctrine of fraudulent concealment may toll the statute of limitations. This

6

doctrine is based on a theory of estoppel. It provides that a defendant may not invoke the statute of limitations, if through fraud or concealment the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry into the facts. Notably, however, Plaintiff never asserted the doctrine of fraudulent concealment applied here.

### 4. Exceptions to Statute of Limitations Inapplicable

In their motion for summary judgment in the present case, Borough Defendants asserted the evidence produced during discovery indicated that Plaintiff became aware of his injuries on the day they occurred, and Plaintiff failed to use reasonable diligence in pursuing his claims and identifying the defendants. Borough Defendants also asserted they did not engage in any acts of concealment. Consequently, Borough Defendants argued that neither the discovery rule nor the doctrine of fraudulent concealment applied in this case.

### 5. Governmental Immunity

In addition, Borough Defendants asserted entitlement to immunity under the statutory provisions commonly known as the Political Subdivision Tort Claims Act (Tort Claims Act). See 42 Pa. C.S. §§8541-42. They claimed Borough Officer complied with Pennsylvania law and Borough police policy regarding vehicle pursuits by operating a mechanically sound vehicle with its lights and sirens activated. Further, Borough Officer backed off pursuit of the fleeing vehicle, to the point it was no longer in sight, prior to the time of the accident. Therefore, Defendants argued they violated no duty to Plaintiff. See 75 Pa. C.S. §3105 (drivers of emergency vehicles, including those in pursuit of suspected violators of the law, may exercise special privileges including: proceeding through

7

red traffic signals, after first slowing down as may be necessary; exceeding the maximum speed limits so long as the driver does not endanger life or property; and, disregarding regulations governing direction or movement, overtaking vehicles or turning in specified directions).

### E. Plaintiff's Response to Motion

In opposition to Borough Defendants' motion for summary judgment, Plaintiff argued the discovery rule should apply. To that end, Plaintiff asserted, 10 days after the crash his former counsel hired a private investigator, Stephen J. Koerper (Plaintiff's Investigator). After visiting the accident scene, Investigator attempted to obtain information from the Ridley Township Police Department. However, the Township Police advised Investigator that the matter remained under criminal investigation. Thus, the Township Police only provided Plaintiff's Investigator with a report number. Further, Chester City Police Department's crash report did not indicate Borough Defendants' involvement in the incident. In short, nothing notified Plaintiff's Investigator of Borough Officer's involvement in the pursuit.

After reviewing a newspaper article about the incident, Plaintiff's Investigator spoke with a witness, Louis Salerno (Witness Salerno), who recalled seeing a dark-colored car chased by a red Township police car (Dodge Charger). A Township K-9 unit (Ford Explorer) and an unmarked white car (Dodge Charger) followed behind. Witness Salerno told Plaintiff's Investigator that all three vehicles were using emergency lights. Nevertheless, Salerno did not hear any

8

sirens. In addition, he did not recall seeing any Borough police vehicles (black and white patrol cars).

Plaintiff's Investigator also attempted to speak with Officer Harris of the City of Chester City Police Department, who was unavailable and never responded to Investigator's voice mail messages. Unable to obtain further responses from the Township or City of Chester, Plaintiff's Investigator concluded his investigation.

In July 2012, Plaintiff received an informal email from the Township indicating Borough Defendants' involvement in the incident. In April 2013, the parties held a status conference and discussed the parties' roles in the incident. In July 2013, Plaintiff received confirmation of Borough Defendants' involvement in the pursuit. Plaintiff asserted the statute of limitations should run from this point. A week later, on July 18, 2013, Plaintiff filed his second amended complaint naming the Borough and Borough Officer as defendants.

**F. Grant of Motion for Summary Judgment**

In January 2015, the trial court granted Defendants' motion for summary judgment and dismissed, with prejudice, Plaintiff's second amended complaint only as to Borough Defendants.[3] In an opinion in support of its order,

---

[3] The trial court, in its opinion in support of its order, noted that in November 2014, a previous judge in the case, the Honorable G. Michael Green, granted motions for summary judgment on behalf of Defendant Donald Downes, the owner of the car driven by Suspect, and Ridley Township, thereby dismissing Plaintiff's claims against them. See Tr. Ct., Slip. Op., 3/18/15, at 3; Reproduced Record (R.R.) at 120a.

9

the trial court determined Plaintiff's claims against Borough Defendants were barred by the two-year statute of limitations.

In addition, the trial court determined the discovery rule is unavailing to Plaintiff in this case. The court noted Plaintiff merely contended that the lapse of time in identifying Borough Defendants resulted from an inability by Plaintiff's Investigator to obtain sufficient information during his brief one-month investigation. See Tr. Ct., Slip Op., 3/18/15, at 14; R.R. at 131a.

Further, the trial court noted, it never received service of Plaintiff's Concise Statement of the Errors Complained of on Appeal as required by Pa. R.A.P. 1925(b)(3)(iii). Therefore, the trial court determined Plaintiff waived all issues on appeal. See Tr. Ct., Slip Op., at 9-10, n.3. Failure to serve the trial judge with a Rule 1925(b) Statement results in a waiver of all issues raised therein. Egan v. Stroudsburg Sch. Dist., 928 A.2d 400 (Pa. Cmwlth. 2007). Plaintiff appeals.[4]

### III. Issues
### A. Inapplicability of Discovery Rule

On appeal, Plaintiff contends the trial court, in finding the discovery rule inapplicable in this case, usurped the jury's role by making factual and credibility determinations. See Fine (whether a party was able, in the exercise of

---

[4] Our review of a trial court order granting summary judgment is limited to determining whether the trial court erred as a matter of law or abused its discretion. Kuniskas v. Commonwealth, 977 A.2d 602 (Pa. Cmwlth. 2009). We must examine the record in a light most favorable to the non-moving party, accepting as true all well-pled facts and reasonable inferences to be drawn from those facts. Id.

10

reasonable diligence, to know of his injury and its cause are ordinarily factual questions for the jury). The point at which a complaining party should reasonably be aware that he suffered an injury is generally an issue for the jury. Id. Plaintiff asserts he first learned of Borough Defendants' involvement in the incident in a July 2012 email from Ridley Township. Therefore, Plaintiff argues, he had two years from that date to name Borough Defendants.

Plaintiff first contends the trial court erred in concluding he should have known Borough Officer attended to his injuries at the accident scene. Contrary to the trial court's findings, Plaintiff asserts the collision rendered him unconscious and thus unable to identify the jurisdiction of the police officers that attended to him.

More importantly, Plaintiff contends the trial court erred in making the factual determination that he unreasonably relied on the results of Plaintiff's Investigator's report, including the City of Chester crash report. Plaintiff's Investigator obtained a crash report from the City of Chester indicating that only the Chester and Township Police Departments were involved in the investigation of the incident.

In addition, Plaintiff advances a number of factual arguments in support of his assertion that the trial court erred in finding the timely availability of a voluminous public record of information regarding the pursuit and accident.

In sum, although Borough Defendants' alleged various shortcomings in Plaintiff's and his Investigator's efforts, Plaintiff nevertheless argues a jury question exists as to whether his reliance on Investigator's efforts constituted reasonable diligence warranting application of the discovery rule. Fine.

## B. Rule 1925(b) Statement

Plaintiff also contends the trial court erred in finding he waived his appellate issues by failing to serve the court with his Rule 1925(b) Concise Statement of the Errors Complained of on Appeal. Plaintiff asserts the trial court stated it never received service and accused Plaintiff of failing to produce any evidence of an attempt to comply with the service requirement in Pa. R.A.P. 1925(b)(3)(iii) despite quoting the language from Plaintiff's 1925(b) Statement. Therefore, Plaintiff argues: "It is unclear how the trial court could argue it never received Plaintiff's 1925(b) statement, when it quoted the exact language of the statement, in its opinion." Appellant's Br. at 41.

Further, Plaintiff asserts, his counsel would not have included the trial judge in the certificate of service if he did not serve the trial judge with the statement. See Appellant's Br., Ex. N (Plaintiff's Concise Rule 1925(b) Statement of Errors Complained of on Appeal, with certificate of service).

## IV. Discussion

After reviewing the record, the parties' briefs, and the law in this area, we see no need to elaborate on the trial court's thorough and thoughtful opinion. The issues presented above were ably resolved in the comprehensive opinion of the

Honorable Charles B. Burr, II. Therefore, we affirm on the basis of the trial court's opinion in the matter of <u>Harold Johnson v. Ridley Township and John Doe, Ridley Township Police Officers 1-5 and Donald A. Downes and Rasheena Bradley and Thomas Rafferty and Ridley Park Borough and Officer Robert Quinlan</u>, (No. 12-01911 Civil, filed March 18, 2015) (C.P. Delaware).


 

ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Harold Johnson,        : 
           Appellant    : 
                         : 
         v.             :    No. 106 C.D. 2015
                         : 
Ridley Township and John Doe    : 
Ridley Township Police Officers    : 
1-5 and Donald A. Downes and    : 
Rasheena Bradley and Thomas Rafferty : 
and Ridley Park Borough and Officer    : 
Robert Quinlan                  : 

# O R D E R

**AND NOW**, this 18th day of November, 2015, the order of the Court of Common Pleas of Pike County is **AFFIRMED** upon the opinion of the Honorable Charles B. Burr, II.  Therefore, we affirm on the basis of the trial court's opinion in the matter of <u>Harold Johnson  v. Ridley Township and John Doe, Ridley Township Police Officers 1-5 and Donald A. Downes and Rasheena Bradley and Thomas Rafferty and Ridley Park Borough and Officer Robert Quinlan</u>, (No. 12-01911 Civil, filed March 18, 2015) (C.P. Delaware).

 

_____
ROBERT SIMPSON, Judge